THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
KEY P. SMITH, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued April 24, 1923; decided May 8, 1923.)

APPEAL from a judgment of the Supreme Court,
rendered November 27, 1922, at a Trial Term for the
county of Kings upon a verdict convicting the defendant
of the crime of murder in the first degree.

*William Matthews* for appellant.

*Charles J. Dodd, District Attorney (Henry J. Walsh*
and *William F. X. Geoghan* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, MCLAUGH-
LIN, CRANE and ANDREWS, JJ.   Absent: CARDOZO, J.

---

PATHE EXCHANGE, INC., Appellant, *v.* GEORGE H.
COBB et al., Constituting the MOTION PICTURE COM-
MISSION OF THE STATE OF NEW YORK, Respondents.

*Constitutional law — motion picture commission — provision of statute
requiring submission of news reels to commission before exhibition
contravenes neither State nor Federal Constitutions.*

*Pathe Exchange v. Cobb,* 202 App. Div. 450, affirmed.

(Argued April 24, 1923; decided May 8, 1923.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the third judicial department,
entered August 28, 1922, in favor of defendants upon
the submission of a controversy under sections 546–548
of the Civil Practice Act.   The question was whether
chapter 715 of the Laws of 1921, which created a com-
mission known as the " motion picture commission,"
investing it with certain power and authority in the
regulation of the exhibition of motion pictures, was in
violation of section 8 of article 1 of the Constitution of
the state of New York and of the fourteenth amendment
to the United States Constitution, in so far as the same
compelled the producers of motion picture reels com-

monly known as " Current Events Film " under the designation of " Pathe News," to submit such reels to the motion picture commission of the state of New York to be censored prior to the exhibition thereof in a public place of amusement. The Appellate Division held that said chapter 715 of the Laws of 1921 did not contravene the provisions of the Constitution of the United States and the Constitution of the state of New York relative to the liberty of the press.

*Frederic R. Coudert, Howard Thayer Kingsbury* and *P. A. Shay* for appellant.

*Carl Sherman, Attorney-General (Arthur E. Rose* of counsel), for respondents.

Judgment affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ. Absent: CARDOZO, J.

---

JEROME F. COX, an Infant, by MARTIN B. COX, His Guardian ad Litem, Appellant, *v.* ROBINS DRY DOCK AND REPAIR COMPANY, Respondent.

*Negligence — master and servant — assumption of risk of employment — when action to recover for personal injuries properly dismissed.*

*Cox* v. *Robins Dry Dock & Repair Co.*, 202 App. Div. 818, affirmed. (Submitted April 24, 1923; decided May 8, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 11, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff was at work in the floating dry dock of the defendant, and his principal duties were to " pass " heated rivets from the " heater boy " to the " holder on," that is, from the person who heated the rivets red hot in a small forge, to the person who placed them through the rivet holes in the plates of the ship, and held them while the riveter riveted them fast. A part of his duties