HYMAN PRATTER, Plaintiff, v. J. LEON LASCOFF, as President of the New York State Board of Pharmacy, and Others, Defendants.*

Supreme Court, Erie County, March 10, 1931.

*Philip Halpern*, for the plaintiff.

*Hamilton Ward, Attorney-General [Henry S. Manley, Deputy Attorney-General,* of counsel], for the defendants.

*E. C. Brokmeyer*, for National Association of Retail Druggists.

LARKIN, J. This action is brought by the plaintiff to obtain a declaratory judgment that so much of sections 1352 and 1354 of the Education Law† of the State of New York which restricts the

---

* See, also, *Matter of Hauges* v. *Lascoff* (140 Misc. 811).

† Added by Laws of 1927, chap. 85; § 1354 amd. by Laws of 1930, chap. 835.— [REP.

ownership of pharmacies to licensed pharmacists is violative of the State and Federal Constitutions. In substance, the complaint alleges that the plaintiff, desiring to open a pharmacy in the city of Buffalo, N. Y., applied to the State Board of Pharmacy for a certificate of registration of the ownership of such store, and that this certificate was refused, upon the ground that the applicant was not a licensed pharmacist. The answer is, in substance, an admission of the material allegations of the complaint, and an allegation that the provisions of statute involved are constitutional. The defendant asks that the complaint be dismissed and an affirmative judgment granted declaring the sections in question to be constitutional. On the argument the National Association of Retail Druggists filed a brief in opposition to the motion, as *amicus curiæ*.

In the brief of the Attorney-General, although the question was not raised on the oral argument, nor by answer, the State Board of Pharmacy insists that the Supreme Court, in the exercise of its discretion, should dismiss the action as not a proper one for a declaratory judgment. This contention is made, because, as asserted in the brief, a judgment in a declaratory action will not be reviewed by the Supreme Court of the United States. In support of this contention, the defendant cites *Willing* v. *Chicago Auditorium Assn.* (277 U. S. 274); *Ex Parte Bakelite Corporation* (279 id. 438, 454); *Piedmont & Northern R. Co.* v. *United States* (280 id. 469, 477); *Federal Radio Commission* v. *General Electric Co.* (281 id. 464). While it is true that the Supreme Court of the United States has refused to determine abstract questions (*Muskrat* v. *United States*, 219 U. S. 346; *Liberty Warehouse Co.* v. *Grannis*, 273 id. 70), or purely administrative questions (*Federal Radio Commission* v. *General Electric Co.*, *supra*), the concurring opinion of Mr. Justice STONE in *Willing* v. *Chicago Auditorium Assn.* (*supra*) seems to indicate that the mere fact that the action is one for a declaratory judgment does not preclude the Supreme Court of the United States from a review of the cause. The determining factor in the cases cited by the defendant and others, which seem to support its contention, appears to be that the actions did not present a case or controversy within the meaning of the Federal Constitution. In the instant case the pleadings disclose a real controversy. The plaintiff has applied for a license to operate a pharmacy. It has apparently been refused upon the sole ground that the applicant is not a licensed pharmacist, and that, by reason of sections 1352 and 1354 of the Education Law, such a license cannot be granted to him. This presents a real issue. Indeed, under the general prayer for relief, it is possible that the plaintiff, in this action, might

be entitled to an adjudication, not only that the statute itself is unconstitutional, but that he, upon complying with the reasonable rules and regulations of the State Board of Pharmacy, is entitled to the issuance of the license. Moreover, in view of the fact that the defendant itself, in its answer, asks for a declaratory judgment that the law is constitutional, it is hardly in position now to urge that the court exercise its discretion and refuse to entertain jurisdiction. Under the circumstances disclosed by this record, no sufficient reason has been shown why the court should not herein determine the question. An action for a declaratory judgment is an especially appropriate method of determining a controversy with respect to the constitutionality of legislation. (*Board of Education of Rochester* v. *Van Zandt*, 119 Misc. 124; affd., 204 App. Div. 856; affd., 234 N. Y. 644; *Bareham* v. *City of Rochester*, 221 App. Div. 36; affd., 246 N. Y. 140; *Pathe Exchange, Inc.*, v. *Cobb*, 202 App. Div. 450; affd., 236 N. Y. 539; *Andrews* v. *City of Piedmont*, 100 Cal. App. 700; 281 P. 78.) (See, also, 28 Yale L. J. 1, 105, 135, 136.)

It was conceded by the defendant, upon the argument of the motion, that the pleadings present every point as fully as could be developed upon a trial. When they are read, this becomes apparent. The plaintiff relies upon *Liggett Co.* v. *Baldridge* (278 U. S. 105, 113). In Mr. Justice SUTHERLAND's prevailing opinion the following statement is made: " No facts are presented by the record, and, so far as appears, none were presented to the legislature which enacted the statute, that properly could give rise to a different conclusion. * * * None has been produced, and, so far as we are informed, either by the record or outside of it, none exists."

Defendants now insist that their answer disclosed that there was presented to the Legislature, which did not appear in *Liggett Co.* v. *Baldridge* (*supra*), facts which established that this legislation is a lawful exercise of the State's police power because: (1) A pharmacy owned by a licensed pharmacist is more likely to give proper service to the public in the compounding and the sale of drugs than one owned by an unlicensed pharmacist; and (2) that such legislation would tend to lessen violations of the National Prohibition Act (U. S. Code, tit. 27) and laws restricting the sale of narcotics. Undoubtedly the present record shows that these arguments were advanced to the Legislature, and it is true that the record in *Liggett Co.* v. *Baldridge* (*supra*) does not show that these matters were considered by the Pennsylvania Legislature at the time it enacted a similar statute. Nevertheless, in the briefs submitted by the defendant in the *Liggett* case, these very same

considerations now urged as a basis for the constitutionality of the present statute were called to the attention of the Supreme Court upon the argument of the cause. In *Evans* v. *Baldridge* (294 Penn. St. 142, 144; 144 A. 97), decided after the decision in *Liggett Co.* v. *Baldridge (supra)*, these same reasons were urged upon the Supreme Court of Pennsylvania. Nevertheless that court, in reversing a judgment of the Court of Common Pleas of Philadelphia county, declaring the Pennsylvania statute constitutional, and in rendering a judgment in favor of the plaintiff declaring the act unconstitutional, said: " On Monday, November 19, 1928, that tribunal [the Supreme Court of the United States] declared the act in controversy to be unconstitutional as in contravention of the Fourteenth Amendment, and all the material questions argued before us are passed upon in the course of that opinion. * * * It would serve no useful purpose to go over the ground again in the present case; it is necessary to say only that, after argument before us, we reached the same conclusion as stated in *Liggett Co.* v. *Baldridge.*"

The language of the Supreme Court of Pennsylvania, that all of the reasons assigned for the constitutionality of the law had been disposed of adversely to its constitutionality, by the opinion of the Supreme Court of the United States in *Liggett Co.* v. *Baldridge (supra)* applies with equal force to the defendant's position on this motion.

Therefore, on the authority of *Liggett Co.* v. *Baldridge (supra)*, plaintiff's motion for judgment on the pleadings, declaring that so much of sections 1352 and 1354 of the Education Law, which forbid the issuance of a certificate of ownership to one not a licensed pharmacist, to be unconstitutional and void, as in contravention of the Fourteenth Amendment of the Federal Constitution, is granted.