STATE OF DELAWARE *v.* PEOPLES DRUG·STORES, INC., a corporation of the State of West Virginia.

(*April 2, 1934.*)

LAYTON, C. J., and RODNEY, J., sitting.

*P. Warren Green,* Attorney-General, for the State.

*Samuel F. Keil* and *John J. Morris, Jr.,* for the defendant.

Court of General Sessions for New Castle County, No. 69, January Term, 1934.

RODNEY, J., delivering the opinion of the Court:

The question involved in this case is quite narrow. It only involves the constitutionality of the statute insofar

as it requires that "every pharmacy or drug store shall be owned by a licensed pharmacist." There is not involved any question of other provisions of law which require that no person other than a licensed druggist should conduct or manage a pharmacy or drug store or to compound any physician's prescription as required by *Section* 862 of the *Revised Code* of 1915 or other applicable legislation.

This case involves "ownership" alone.

The consideration of this case need not be unduly extended for the almost identical language of the Delaware act has been considered and statutes embodying it held unconstitutional by the Supreme Court of the United States and by the courts of last resort of Pennsylvania and New York.

In *Liggett Co. v. Baldridge,* 278 *U. S.* 105, 49 *S. Ct.* 57, 73 *L. Ed.* 204, the Supreme Court of the United States passed upon the Pennsylvania statute (*P. L.* 1927, *p.* 1009), the first section of which provided "Every pharmacy or drug store shall be owned only by a licensed pharmacist * * *." The Supreme Court reiterated the principle that the right to do business was a property right to be protected against unreasonable invasion. The Court sustained the right of a State to "regulate the prescription, compounding of prescriptions, purchase and sale of medicines, by appropriate legislation to the extent reasonably necessary to protect the public health." The Court held that every point at which the public health could be injuriously affected by the act of the owner in buying, compounding or selling drugs or medicines was amply safe-guarded by provisions of law other than mere "ownership." All these statutory provisions of Pennsylvania considered by the Supreme Court have their counterparts in the statutes of the State of Delaware. The Court said:

"The act under review does not deal with any of the things covered by the prior statutes above enumerated. It deals in terms only with ownership. It plainly forbids the exercise of an ordinary

property right and, on its face, denies what the Constitution guarantees. A state cannot, 'under the guise of protecting the public, arbitrarily interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them.' (Cases cited.)

"In the light of the various requirements of the Pennsylvania statutes, it is made clear, if it were otherwise doubtful, that mere stock ownership in a corporation, owning and operating a drug store, can have no real or substantial relation to the public health; and that the act in question creates an unreasonable and unnecessary restriction upon private business. * * *

"The claim, that mere ownership of a drug store by one not a pharmacist bears a reasonable relation to the public health, finally rests upon conjecture, unsupported by anything of substance. This is not enough; and it becomes our duty to declare the act assailed to be unconstitutional as in contravention of the due process clause of the Fourteenth Amendment."

One week after the decision of *Liggett v. Baldridge, supra,* the Supreme Court of Pennsylvania in *Evans v. Baldridge,* 294 *Pa.* 142, 144 *A.* 97, considered itself bound by the *Liggett Case* and declared the Pennsylvania act unconstitutional.

In *Pratter v. Lascoff,* 140 *Misc.* 211, 249 *N. Y. S.* 211, the Court followed the Liggett and Evans Cases and held the similar New York Statute unconstitutional. This case was affirmed by the appellate division in 236 *App. Div.* 713, 258 *N. Y. S.* 1002, and that case in turn affirmed by the Court of Appeals in 261 *N. Y.* 509, 185 *N. E.* 716. The *Pratter Case* does not set out the provisions of the New York statute, but these provisions may be found in *Hauges v. Lascoff,* 140 *Misc.* 811, 252 *N. Y. S.* 81, where the New York statute may be seen to be almost identical with the Delaware act now under consideration.

The only citations at variance with the conclusion herein reached are *Liggett Co. v. Baldridge* (*D. C.*), 22 *F.* (2d) 993 (reversed by the Supreme Court in 278 *U. S.* 105, 49 *S. Ct.* 57, 73 *L. Ed.* 204) and *Hauges v. Lascoff,* 140 *Misc.* 811, 252 *N. Y. S.* 81 (overruled by *Pratter v. Lascoff,* 261 *N. Y.* 509, 185 *N. E.* 716).

The Supreme Court of the United States in an indis-

tinguishable case, having held a statute unconstitutional because of language almost identical with that here involved, we must, therefore, hold the Delaware act unconstitutional in 'so far as it is involved in the present case, namely, the mere ownership of the pharmacy or drug store.

The indictment must be quashed.