RICHARD WELLING, Plaintiff, v. ELLSWORTH B. BUCK et al., Constituting the Board of Education of the City of New York, et al., Defendants, and ESTELLA H. E. ANDERSON et al., Interveners, Defendants.

Supreme Court, Special Term, New York County, January 30, 1945.

*Ignatius M. Wilkinson*, Corporation Counsel (*Joseph G. De Vito* and *Edna Glassman* of counsel), for Ellsworth B. Buck and others, defendants.

*H. Eliot Kaplan* for plaintiff.

*A. Mark Levien* for Estella H. E. Anderson and others, interveners, defendants.

*Ernest E. Cold* and *Theodore Fred Kuper* for Catherine A. Raschke and others, interveners, defendants.

*John H. Conroy* for Joint Committee of Teachers Organizations, *amicus curiæ*.

*Samuel H. Ellner* for High School Teachers Association of New York, *amicus curiæ*.

*Daniel M. Brams* for Powers & Moran, *amicus curiæ*.

*Mason H. Bigelow* for Civil Service Reform Association, *amicus curiæ*.

*Frank E. Karelson, Jr.* for Public Education Association, *amicus curiæ*.

NULL, J. This is an action by one claiming to be a citizen and taxpayer of the city of New York for a declaratory judgment to determine the validity of certain eligible lists for License No. 1 teachers. The original defendants, constituting the Board of Education of the City of New York and the Board of Examiners of the Board of Education of the City of New York, have moved for an order granting them declaratory judgment on the pleadings as demanded in their answer.

In that answer, they pray for the instructions of the court, a determination of the legal status of the said lists, and an adjudication that appointments already made therefrom are valid.

The prayer for relief sought to be implemented in the order and judgment of this court is entirely too broad. Neither the

Board of Education nor the Board of Examiners is an agency or instrumentality of the court. It is not, therefore, within the province of the court to furnish them with instructions either through an action for a declaratory judgment or otherwise. Only the other branches of the prayer for relief will, to the extent necessary, be considered.

The action involves the constitutionality of a part of the Education Law of the State. On this motion, the plaintiff disputes its constitutional validity. The moving defendants have adopted an attitude of quiescent neutrality towards the constitutionality of the statute under consideration. The impleaded defendants alone contest the plaintiff's right to maintain the action and the legal sufficiency of the complaint.

As the motion is made under rule 112 of the Rules of Civil Practice, the court may award such judgment as the pleadings warrant without regard to which party made the motion.

Between March 20, 1930, and April 2, 1934, the Board of Examiners of the Board of Education of the City of New York, in accordance with section 871 of the Education Law, established seven eligible lists for school teachers, all known as License No. 1. These lists were promulgated on March 20, 1930, July 23, 1930, December 22, 1930, September 14, 1931, March 7, 1932, October 24, 1932, and April 2, 1934.

When the first three lists were established, section 871 of the Education Law provided that no eligible lists, except principals' eligible lists, were to remain in force for a longer period than three years. By chapter 538 of the Laws of 1931, the Legislature extended all eligible lists in existence on April 1, 1931, except the principals' lists, for a period of four years. By successive statutes, these and the other four lists were extended until June 30, 1943. The lists were further extended until December 31, 1947, by chapter 344 of the Laws of 1942. (Education Law, § 871-f.)

The amended complaint challenges the constitutionality only of chapter 344 of the Laws of 1942 (Education Law, § 871-f). It contains four causes of action. The first cause of action alleges that the eligible list of March 20, 1930, has been terminated by operation of law. The second cause of action alleges that all the eligible lists have been terminated by operation of law. The third cause of action reincorporates the allegations set forth in the second cause of action and, also, alleges that the certification and appointment of eligibles from any of the lists promulgated prior to April 2, 1934, with ratings lower than those received or earned by eligibles on the list of April 2,

1934, are unlawful. The fourth cause of action alleges that the extension of the term of all the eligible lists, pursuant to chapter 344 of the Laws of 1942 (Education Law, § 871-f). grants an unlawful preference to such eligibles.

Technically, none of the lists has been exhausted. For all practical purposes, however, the list of March 20, 1930, may be deemed to have been terminated and all the remaining lists have been completely exhausted or nearly so as to male eligibles. No additional examinations have been held and no new lists have been promulgated. It is admitted that vacancies, as and when they occur, will be filled from the lists unless they are held to be void.

It is, of course, the primary duty of the Legislature to fix the term of the validity of a list established under section 871 of the Education Law. (*Hurley* v. *Bd. of Education of City of N. Y.,* 270 N. Y. 275, 279.) That power must be exercised, however, in consonance with the provisions and aims of the State Constitution (art. V, § 6) relating to the civil service. The Legislature has the power, before a list has expired, to extend its life for a reasonable time. (*Ciaccia* v. *Board of Education,* 271 N. Y. 336, 339.) Since the power of extension exists, the question that arises is whether, as claimed by the plaintiff, chapter 344 of the Laws of 1942 (Education Law, § 871-f) constituted an unreasonable extension. (*Ciaccia* v. *Board of Education, supra.*)

The lists, as already stated, were promulgated between March 20, 1930, and April 2, 1934. The several extension statutes were enacted between 1931 and 1942. Separately considered, none of the statutes, *ex propria vigore,* extended any list for a period of more than five years. The cumulative effect of these successive statutes is, of course, greater than the mean effect of any one of them. The ultimate effect of the latest statute, which is the only one questioned, is to continue the life of the earliest list for a period of seventeen years, and the latest list for a period of thirteen years. In this connection, it may be noted that the plaintiff, in his second and third causes of action seems willing to accept the latest list as quite valid. But the questions of law here involved cannot be fully resolved either by any simple mathematical computation, or the presence of inconsistencies in some of the plaintiff's causes of action.

Nowhere in the complaint are any facts alleged that would warrant the court in holding, as a matter of law, that the latest statute represents an unconstitutional exercise of the Legislature's power to extend the lists. Whether an extension of

lists is reasonable or not must be determined in the light of the known facts or factors that actuated the Legislature in passing the statute.

The complaint is silent on this point. It alleges, in substance, that the refusal of the moving defendants to terminate the said lists will interfere with the administration of the public school system; that it discourages able and qualified persons from preparing themselves for the teaching profession; and that many of the persons in such lists may no longer possess the knowledge, aptitude and other qualifications for which they were originally tested. But these are conclusions unsupported by facts.

On the contrary, it is declared by plaintiff in his brief, that the Board of Education, since 1930 or 1931, has appointed many persons from the eligible lists to fill regular teaching assignments. Such appointments, it is alleged, were made in the order of their relative ratings on the eligible lists, except that they were denominated substitute teachers, when in fact the appointees were actually filling full-time teaching vacancies continuously from term to term and from year to year. While the record does not disclose the number of eligibles to which this technique of employment has been applied, it is clear that the doubt evinced by the plaintiff in his amended complaint with respect to the present pedagogical qualifications of the eligibles are not borne out by the assertions in his brief that a large number of these very eligibles have been actually engaged in teaching regular classes for many years.

It is urged that on the authority of *Hurley* v. *Bd. of Education of City of N. Y.* (270 N. Y. 275, *supra*) and *Ciaccia* v. *Board of Education* (271 N. Y. 336, *supra*) the extension of the lists beyond ten years was, as a matter of law, an invalid exercise of legislative power. Those cases, however, dealt with the power to revive lists which by their expiration were no longer in force. The Court of Appeals, in reaffirming the right of the Legislature to extend unexpired lists, did no more than to restate the familiar principle that the reasonableness or the degree and extent of the exercise of legislative power was the test of constitutional validity.

Whether the Legislature exceeded its constitutional authority by extending the date of expiration of the existing eligible lists, pursuant to chapter 344 of the Laws of 1942 (Education Law, § 871-f) may not be determined by the mere computation of time. There is no more force in the contention that an extension for ten years is invalid per se than that an extension for nine years is

not. While it is to be given appropriate consideration upon that issue, the factor of time, alone, unrelated to the contemporaneous factual background, is too tenuous a yardstick by which the reasonableness of legislative power may be measured. In the absence of any allegations from which the contrary may be inferred, it must be presumed that the Legislature was cognizant of all pertinent conditions and circumstances prevailing at the time of the enactment of the statute.

The great school system of the City of New York employs a veritable army of teachers. Vacancies among them are certain to occur in ordinary times and, even more frequently, in extraordinary times. The constituted authorities must be prepared at all times to fill vacancies without delay. Examinations cannot be held, after vacancies occur, for the purpose of making needful appointments, without interrupting the continuity of the orderly administration and maintenance of the educational processes. Wisdom dictates, therefore, that there shall always be available a pool of eligibles from which appointments can be made whenever required.

The challenged statute was passed in 1942, while the country was engaged in the great world war, which still continues. No facts are alleged to show that an adequate pool of eligibles could have been created in 1942, in the face of the unusual conditions created by the war, had the existing lists not been extended.

The court is bound to take judicial notice not only of the war, but of its causative effects, so far as the power of the Legislature to enact the statute is concerned. It is not to be presumed that the Legislature was unaware of the extraordinary demand upon the resources of manpower, the anticipation of a decrease of potential student teachers, together with other factors resulting from the national war effort. It is not to be accepted as a matter of course that the Legislature failed to take account of the practice of using eligibles as regular teachers in the guise of substitute teachers as a primary cause for the continued existence of the old eligible lists. In the light of these circumstances, this court cannot say, as a matter of law, that the action of the Legislature in extending the lists in 1942, in order to continue the availability of the existing pools of eligibles, was unreasonable. In the absence of factual allegations in the complaint to the contrary, or upon the events of which the court may take judicial notice, the presumption in favor of the constitutionality of the statute cannot be said to have been overcome by the plaintiff.

In the view here taken, on the record presented to this court, the provisions of section 871 of the Education Law, which prohibit the merger of existing lists, lead to the conclusion that the preference claimed by the plaintiff for the list of April 2, 1934, is untenable.

In addition, it is doubtful whether upon the pleadings there is warrant for a declaratory judgment. The action for a declaratory judgment contemplates an adjudication of rights and legal relations as distinguished from a judgment or decree enforcible by execution against a particular party (Civ. Prac. Act, § 473). The maintenance of such an action, however, must include the elements of justiciability and the jurisdictional conditions requisite in ordinary actions. The plaintiff is not associated with the public school system; he is not one of the eligibles on any of the lists in question; nor does it appear that possessing the required qualifications, he was prevented from pursuing the profession of teaching in the public schools of the City of New York. It is as a citizen, taxpayer and resident that he questions the constitutionality of the statute, and not as one who has a personal or tangible interest in the resulting determination. In the sense that the consequences of statutory enactments affect the general welfare, all citizens, taxpayers and residents, in varying degree, may be said to have an interest in their constitutionality.

It does not follow, however, that the judgment of the court may be invoked to declare jural relations and rights to the end that abstract doubts may be resolved. The judicial function may not be extended beyond the bounds of determining controversies between litigants. (*Matter of State Industrial Comm.*, 224 N. Y. 13; *Hanrahan* v. *Terminal Station Commission*, 206 N. Y. 494; *Coffman* v. *Breeze Corporations*, 323 U. S. 316.) The rights and legal relations which the plaintiff seeks the court to declare in this action will not affect his person or property other than in a general and indirect way. On the contrary, such an adjudication may very directly affect the economic and professional interests of the present eligibles as well as those who have received appointments pursuant to the statutes in question, although they are not even parties to this action.

The cases cited by the plaintiff (including *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304; *Pratter* v. *Lascoff,* 140 Misc. 211, affd. 236 App. Div. 713, affd. 261 N. Y. 509) do not support the con-

tention that constitutionality of legislation may be tested by an action for a declaratory judgment without regard to the requirement of justiciability. In the cases cited, the declaratory judgment was sustained on behalf of a plaintiff who presented a real interest in a real controversy with respect to which there could be a valid adjudication of rights.

Appropriate taxpayers' actions to prevent waste or injury to public property, or to restrain illegal official conduct, are of course, authorized by law. (General Municipal Law, § 51; Civil Service Law, § 28.) This suit, however, is not addressed to any of the remedies to which taxpayers' actions are confined.

In the instant case, an alleged dispute is attempted to be constituted on the basis of the declaration by the plaintiff that chapter 344 of the Laws of 1942 (Education Law, § 871-f) is invalid and the response of the original defendants that hence a controversy exists. There is nothing adversary indicated upon such allegations. The suit, therefore, is tantamount to a request for an advisory opinion by the court upon the constitutionality of the statute under consideration. It is devoid of the fundamentals upon which an appropriate declaration of the rights of the original parties to the action in relation to that statute may be based.

Moreover, although the action is brought by the plaintiff, as a taxpayer, in part, to prevent waste (Cf. *Lewis* v. *Bd. of Education of City of New York*, 258 N. Y. 117), the complaint fails to allege the jurisdictional facts prescribed by section 51 of the General Municipal Law. It would seem that the taxpayer's action recognized by section 28 of the Civil Service Law is one allowed by section 51 of the General Municipal Law. (*Slavin* v. *McGuire*, 205 N. Y. 84, 87.)

As the complaint is insufficient in law, judgment may be entered in favor of the defendants dismissing the complaint, without costs. This conclusion makes it unnecessary to consider the partial defense pleaded by the original defendants.