Abraham J. Gellinoff, J.
This is a proceeding under article 78 of the Civil Practice Act to vacate a determination made on October 25, 1962, by the Civil Service Commission of the City of New York (herein called Civil Service Commission), abolishing and terminating a promotional eligible list promulgated on October 25, 1961, for the position of court clerk. The Civil Service Commission acted on the opinion and recommendation of the Judicial Conference, as set forth in its letter dated August 1, 1962. The facts as here material are not in dispute.
On April 15, 1961, the Civil Service Commission advertised a promotional examination for the position of court clerk, with eligibility open only to employees of the City Magistrates’ Court. The examination was held on June 14, 1961. The list was promulgated on October 25,1961, about 48 persons qualifying therefor.
It appears that about 25 or possibly as many as 29 persons were thereafter appointed from this list. Petitioners are the 19 persons remaining on the list, who have not as yet been appointed. The petitioners are presently employees of the newly created Criminal Court of the City of New York.
On September 1, 1962, certain constitutional, statutory and administrative determinations became effective. So far as here pertinent, they may be summarized as follows:
(1) A uniform court system for our State came into existence (N. Y. Const., art. VI, § 1).
(2) The Magistrates’ Court of the City of New York and the Court of Special Sessions of the City of New York were abolished, and the Criminal Court of the City of New York was established (N. Y. Const., art. VI, §§ 1, 15, 35; New York City Criminal Court Act, § 20).
(3) All nonjudicial employees of the City Magistrates’ Court and of the Court of Special Sessions were transferred to the Criminal Court of the City of New York (N. Y. Const., art. VI, § 35; Judiciary Law, § 223, subd. 1).
(4) An Administrative Board of the Judicial Conference was created, with authority and responsibility for the administrative supervision of the unified court system of the State, with *964 power to establish standards and administrative policies for general application throughout the State (N. Y. Const., art. VI, §26).
(5) The Administrative Board was empowered to appoint a State Administrator, to perform such duties as may be assigned him by the Administrative Board (Judiciary Law, § 211).
(6) Included in the standards and policies which the Administrative Board was authorized to make effective, were those relating to personnel practices, qualifications, appointments and promotions. “The standards and policies” of the Administrative Board relating to such powers are required, however, to be “ consistent with the civil service law ” (Judiciary Law, § 212, subd. 1, as amd. by L. 1962, ch. 685).
The letter of August 1,1962, to the Civil Service Commission, signed by the State Administrator on behalf of the Judicial Conference, stated that, in the opinion of the Judicial Conference, the then existing promotional eligible lists do not “ automatically terminate on ¡September 1, 1962” — the date as of which the Magistrates’ Court was abolished, and as of which the Judicial Conference was empowered to create standards and policies relating to personnel and promotions. The letter, at the same time, recommended that certain lists be terminated — by “administrative termination” — on 'September 1, 1962, or one year from date of establishment, whichever is later.
The lists so recommended for administrative termination, were identified as those 11 where all qualified employees in the Municipal Court, City Court, Magistrates’ Court and Court of Special Sessions did not have an opportunity to compete in the same examination.” The basis of that recommendation, as stated in the letter, was that, 1 ‘ the continuance of the resultant lists would be unfair to those employees who were not permitted eligibility.” Included in the lists thus specifically recommended for administrative termination, was the list promulgated on October 25, 1961, the list which is the subject of this proceeding.
On October 25, 1962, the Civil Service Commission, claiming that it ‘ ‘ had no alternative but to comply with the mandate of the State Administrator of the Judicial Conference ”, and in obedience to his ‘ ‘ directive ’ ’, terminated all promotional lists for all nonjudicial positions which were not city-wide, including the list involved herein.
Petitioners contend that the Civil Service Commission acted illegally; that, notwithstanding the directive to it by the Judicial Conference, it had no power to terminate the list except as provided in .section 56 of the Civil Service Law; that, so far as the Judicial Conference is concerned, notwithstanding its powers *965 over personnel and promotions of nonjudicial employees, its standards and policies are required to be “ consistent with the civil service law and that, therefore, the Judicial Conference, too, may not terminate a promotional eligibility civil service list by ‘ ‘ administrative ’ ’ fiat.
The Judicial Conference contends that, since section 28 of article VI of the Constitution vests in the Administrative Board of the Judicial Conference, “ The authority and responsibility for the administrative supervision of the unified court system ”, and mandates it to establish ‘1 standards and policies for general application throughout the state ”, therefore, “ the decision as to continuance or termination ” of promotional eligibility lists falls “within its discretionary supervisory control”. Apart from the foregoing, it points out that, when the Legislature abolished the Magistrates’ Court, as of September 1, 1962, it appears also to have abolished therewith all existing promotional eligibility lists with respect to that court. Thus, although section 223 of the Judiciary Law, effective September 1, 1962, provides (1) that officers and employees of the abolished courts shall, to the extent practicable, be transferred to courts exercising the jurisdiction formerly exercised by the courts in which they were employed, and (2) that the pension rights of officers and employees affected by the reorganization shall not be affected, no provision was made for the continued life of existing promotional or other eligible lists of persons not yet promoted or appointed.
The establishment of an eligible list by the Civil Service Commission is a serious matter. It vitally fixes the rights of the eligibles thereon. Such rights may not be abrogated by implication. Had the Legislature intended to abolish the pending promotional eligible lists, along with the abolition of the courts to which such lists pertained, it would have said so. Instead, the Legislature provided that the “ standards and policies of the administrative board” relating to “promotions” of nonjudicial personnel “ shall be consistent with the civil service law ” (Judiciary Law, § 212, subd. 1, as amd. by L. 1962, ch. 685).
It seems clear, therefore, that the Legislature did not intend that promotional eligible lists — provided for under the Civil Service Law — should automatically cease to exist merely because the courts to which they pertained were abolished — supplanted is the better word — especially when the personnel of the abolished courts were transferred to the newly created courts exercising the jurisdiction formerly exercised hy the courts in which they were employed. The contrary seems clear. It seems clear that the Legislature intended that all existing *966 promotional eligible lists remain intact until they expired as provided by the Civil Service Law, and that, where the standards and policies of the Administrative Board of the Judicial Conference rendered a list inappropriate, the list might be terminated by the Administrative Board, but in a manner “ consistent with the civil service law”.
There is no doubt that, under the Constitution, and under the statute, the Administrative Board is vested with the discretionary supervisory control as to the continuance or termination of promotional eligibility lists. But the Administrative Board may not effect the termination of a list by administrative fiat, where to do so would not be consistent with the prescription for terminating a list provided in the Civil Service Law.
Section 56 of the Civil Service Law provides as follows: “ § 56. Establishment and duration of eligible lists. The duration of an eligible list shall be fixed at not less than one nor more than four years. An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction. ’ ’
This section became effective on April 1, 1959, and there has not been any change in it since.
Petitioners do not show that the life of the promotion list here involved was originally fixed at more than one year. The allegation of paragraph “Twenty-first” of the petition that the list will expire by operation of law on October 25, 1965, is a conclusion unsupported by factual allegations and denied in the answer. If the life of the list was not fixed at more than a year, it came to an end at the time originally fixed for its termination, even though no new list had been established. If it has been in existence for one year or more — as appears to be the case here — it may be terminated upon the establishment of a new list. It may not be terminated by resolution of the Civil Service Commission. It may not be terminated by directive of the Administrative Board of the Judicial Conference. It may be terminated upon the establishment of a new list on directive of the Judicial Conference.
The October 25,1962, determination by the Civil Service Commission, which abolished and terminated the promotional eligible list, the subject of this proceeding, was contrary to the provisions of section 56 of the Civil Service Law, and, hence, unlawful, and petitioners are entitled to have this list reinstated. There is no need presently to determine what effect, if any, other matters referred to in the papers and in the briefs, may have on the *967 ultimate practical and realistic disposition of the controversy here presented.
The application of petitioners is granted to the extent that the October 25, 1962, termination by the Civil Service Commission of the October 25, 1961, list, should be annulled and the list reinstated. The application is otherwise denied without prejudice, reserving to petitioners and respondents the right after the list is reinstated, to make such application, if any, as may be appropriate.