Murray T. Feiden, J.
The plaintiffs, a group of teachers now on a junior principals’ eligible list promulgated January 17, 1957, move for summary judgment, in an action for a declaratory judgment on behalf of themselves and all others similarly situated, to declare illegal section 245 of the defendant’s by-laws insofar as it limits the duration of the principals’ eligible list to be a period of eight years. It is conceded by both sides that the junior principals’ list comes within the purview of the principals’ lists mentioned in said by-law.
The defendant, by cross motion, moves to dismiss the complaint on the ground that the action is premature because the eight years have not as yet expired.
At the time the plaintiffs took the examination for the position of junior principal and up to April 23, 1963, the pertinent part of subdivision 10 of section 2573 of the Education Law read as follows: “ No eligible list except principals’ eligible lists shall remain in force for a longer period than three years.”
*66 By an amendment which became effective April 23, 1963, the above provision was amended to read: “ No eligible list except principals’ eligible list shall remain in force for a longer period than four years, no eligible list now in force shall terminate until four years from the date on which it was promulgated ’ ’.
From at least 1917 until about 1940, the by-laws of the defendant contained no limitation on the life of an eligible list for the position of principal of an elementary school, and said lists remained in existence until they were exhausted regardless of their date of promulgation. Sometime around 1940 the defendant adopted a by-law now designated as section 245 of defendant’s by-laws, which reads:
“ See. 245 Term of eligible lists and certification of the Board of Examiners
“ Eligible lists shall be valid for a term of three years, except that day principals’ eligible lists shall remain in force for eight years from date of promulgation ’ ’.
(It is to be noted that the words 1 ‘ three years” are now in the process of being amended to four years to conform with the statute.)
The validity of the eight-year limitation on the life of the principals’ eligible list imposed by the aforesaid by-law has not been attacked heretofore because until now everyone on a principals’ eligible list has been appointed prior to the expiration of the eight-year limitation. At the present time there is a real danger that the list may lapse without appointment of everyone on the list.
Plaintiffs claim that the eight-year limitation contained in section 245 of defendant’s by-law is illegal in that it contravenes the statutory prohibition allegedly contained in subdivision 10 of section 2573 of the Education Law. It is argued that the said section prohibits the imposition of any limitation whatsoever on a principals’ eligible list. This court finds that there is nothing in subdivision 10 of section 2573 of the Education Law which can be construed as prohibiting the defendant from imposing an eight-year limitation for a principals’ eligible list. The mere fact that the aforesaid statute places a maximum four-year limitation on all lists except principals’ lists, does not give rise to a collateral inference that a principals’ list must be of unlimited duration. It would seem that the clear intent of the Legislature was to limit all lists, with the exception of principals’ lists, to a period of four years, leaving the question of principals’ lists open to any reasonable limitation to be imposed by the defendant.
*67 The above interpretation is consonant with the legislative intent. If the Legislature meant to deprive the defendant of its power to fix a time limit on the principals’ list, it would have done so in the same section (or in some other manner) that it imposed limitations with respect to the other employees of the defendant. The fact that the Legislature took the trouble of limiting the other lists to a maximum of four years shows the concern and intent of the Legislature to prevent a list from continuing indefinitely. To hold that the statute in question made it mandatory to continue the principals’ list indefinitely until exhausted would be a tortuous construction and contrary to the recognized basic purpose of competitive examinations. In Hurley v. Board of Educ. of City of N. Y. (270 N. Y. 275, 280) Judge Lehman speaking for a unanimous court stated: “A competitive examination may demonstrate merit and fitness, at the time of the examination. As time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list. The Legislature, or administrative boards or officers, to whom that function has been delegated under appropriate instructions, may determine how long an existing list shall remain in force and when a new examination shall be held.” It therefore appears that the plaintiffs’ interpretation of subdivision 10 of section 2573 is repugnant to the whole concept underlying civil service competitive examinations.
The argument of plaintiffs that the Board of Education had no power to fix a limitation on the life of a principal’s list without express statutory authority is untenable. If the defendant did not have the right to place limitations upon the competitive eligible lists of the employees, there would not have been any need for the Legislature to promulgate subdivision 10 of section 2573 limiting defendant’s powers to a four-year maximum on employees other than principals. Furthermore, section 245 of defendant’s by-laws is authorized under subdivision 13 of section 2554 of the Education Law which sets forth the powers and duties of the defendant. The pertinent subdivision (later changed to subd. 13, par. a) is as follows: “To prescribe such regulations and by-laws as may be necessary to make effectual the provisions of this chapter and for the conduct of the proceedings of said board and the transaction of its business affairs, for the general management, operation, control, maintenance and discipline of the schools, and of all other educational, social or recreational activities and other interests under its charge or direction.” The word “chapter” refers to the entire Education Law (see Education Law, § 1.) It *68 clearly appears that the by-law in question is necessary to make effectual the provisions of the Education Law as above indicated. The plaintiffs’ assertion that the by-law is more restrictive than the statutes under which it is promulgated begs the issue.
The case of Matter of Goldstein v. Lang (39 Misc 2d 962), relied on by the plaintiffs, is not in point and quotations out of context do not support plaintiffs’ position. In that case, the Civil Service Commission, pursuant to a directive from the State Administrator on behalf of the Judicial Conference, abolished a promotion eligible list for Court Clerk on the theory that the court for which that list had been promulgated had been abolished by the Court Reorganization Plan. The termination of this list was in direct contravention of the explicit terms of section 56 of the Civil Service Law and this was the basis for the holding in that case. The case of Welling v. Buck (184 Misc. 322), cited by plaintiffs, was one which merely dealt with the right of the Legislature to extend the life of a list before it has expired, and has no application to the facts in the instant case.
The case of Saltzer & Weinsier v. McGoldrick (295 N. Y. 499) is cited by the plaintiffs for the general proposition that a power not expressly and clearly granted by statute is implied only where it is so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the Legislature. In the instant case, however, the defendant was expressly granted the power by statute (§ 2554, sub. 13) to promulgate by-laws to make effectual the provisions of the Education Law. Even if not expressly granted, it is a power so essential to the exercise of the other powers expressly conferred on the defendant as to make it plainly the duty of the defendant to place time limitations on eligible lists in order to give meaning to the purpose of competitive examinations. (Hurley v. Board of Educ. of City of N. Y., 270 N. Y. 275, supra.)
Counsel for plaintiffs in oral argument has stated that the only issue raised is as to the power of the defendant to place a time limitation on the principals’ list and that no issue is raised as to whether or not such time limit is reasonable. Accordingly, there is no triable issue of fact to be decided herein. Although the motion for summary judgment is made by the plaintiffs, this court has the power under subdivision (b) of 3212 of the Civil Practice Law and Rules to grant a motion for summary judgment for either party. Summary judgment is therefore granted in favor of the defendant.
*69 In view of the above holding, the defendant’s cross motion to dismiss the complaint on the ground that an action for declaratory judgment is premature becomes academic and the merits of such contention need not be decided by this court. The motion to dismiss the complaint is denied without prejudice.