L. Kingsley Smith, J.
Motion by the plaintiffs for summary judgment pursuant to CPLR 3212 is denied. Although a cross motion for summary judgment has not been made, summary judgment dismissing the complaint is granted pursuant to CPLR 3212 (subd. [b]) as to all defendants.
The complaint in this action pursuant to section 102 of the Civil Service Law prays for a judgment (1) enjoining the payment of any further salary to the defendant Stanley J. Roth by the defendants, Board of Trustees and Treasurer, respectively, *224 of the Incorporated Village of Freeport; (2) compelling the defendant Board of Trustees to remove the defendant Stanley J. Both from the position of Director of Urban Benewal of the Incorporated Village of Freeport; and (3) compelling the defendant Nassau County Civil Service Commission to take action ag’ainst the Board of Trustees for the relief specified in (1) and (2) above.
■Subdivision 1 of section 102 of the Civil Service Law authorizes an action by a taxpayer to restrain the payment in the future of salary to employees appointed contrary to the Constitution or the Civil Service Law. The remaining subdivisions of section 102 do not authorize an action by a taxpayer for any of the mandamus type relief sought in (2) and (3) above. Therefore, without further comment, the second cause of action of the complaint, which is directed against the Nassau County Civil Service Commission, is dismissed.
The substance of the remaining (first) cause of action is: that the defendant Board of Trustees in 1964 appointed the defendant Stanley J. Both to the position of Director of Urban Benewal of the Village of Freeport; that the position of Director of Urban Benewal has been placed in the noncompetitive class of the civil service by the Nassau County Civil Service Commission and the latter has refused to certify or approve Stanley J. Both as qualified for the position; that the salary paid to Stanley J. Both is $10,000 a year; that this sum, as well as additional sums covering the share of the village in the urban renewal program “ will be raised or is being raised by general taxation by assessment against the real property of the taxpayers of said Village of which plaintiffs herein are a part and that to make payment of any salary to Stanley J. Both is illegal and therefore a waste of public funds.
The papers submitted reveal, however, that no part of the funds presently being used for the payment of the salary of Stanley J. Both were raised by general taxation, but such funds are part of an advance by the Housing and Home Finance Agency of the Federal Government for the purpose of a preliminary study (terminating in Aug., 1965) of the advisability of an urban renewal project in the village, with no obligation on the part of the village to repay any part of the sum advanced if an urban renewal program be not adopted.
Subdivision 1 of section 102 of the Civil Service Law was formerly section 28 of that law. In discussing such predecessor section 28 along with section 51 of the General Municipal Law, the Court of Appeals pointed out that a taxpayer could only maintain the action recognized by those statutory provisions *225 “ where the object of the action is to prevent acts by officers, agents, commissioners, or other persons, acting on behalf of a county, town, village, or municipal corporation, which will affect, through waste thereof or injury thereto, the estate, funds, or other property of either ” (Slavin v. McGuire, 205 N. Y. 84, 87 [italics added]). The view was subsequently expressed that it ‘1 would seem that the taxpayer’s action recognized by section 28 of the Civil Service Law is one allowed by section 51 of the General Municipal Law ” (Welling v. Buck, 184 Misc. 322, 330). The nature and purpose of a taxpayer’s action has been described as follows: “ The basic theory of such an action is that the illegal action is in some way injurious to municipal and public interests and that if permitted to continue it will in some manner result in increased burdens upon and dangers and disadvantages to the municipality and to the interests represented by it and so to those who are taxpayers. It was not the intention of the statute that a taxpayer shall be allowed to intervene and bring to the decision of the courts every act of a municipal officer which may be claimed to be illegal although concededly it is entirely innocuous. There are other penalties than a taxpayer’s action for those municipal officers who disregard their responsibilities and transgress their limitations.” (Western N. Y. Water Co. v. City of Buffalo, 242 N. Y. 202, 207.)
Although the title “Director of Urban Renewal ” has been given, it appears that Roth is only participating in a study of the desirability of an urban renewal program for the village and his employment will only continue until that study has been completed. Under those circumstances, since no municipal funds are involved in the payment of his salary, the court finds that there is no present basis for the action. Should an urban renewal program be adopted which would involve in any way the use of village funds, the plaintiffs, or any other taxpayer, could commence an action to bar further employment of Roth. If the adoption of the program requires the village to defray any part of the expense involved in the preliminary study, an action to recover sums illegally paid to Roth could be brought by a taxpayer or by an appropriate official (Civil Service Law, § 102, subd. 2).
Accordingly, without considering the propriety of the appointment of an individual who apparently does not meet the qualifications set by either the State or the local Civil Service Commission for the position of Director of Urban Renewal, the first cause of action is dismissed as premature.