Irwin D. Davidson, J.
Petitioners, employees of the Unified Court System, on their own behalf and on behalf of all others similarly situated, in this article 78 proceeding seek a judgment: (1) directing the respondent not to apply or add seniority points to eligibles for the promotional list Court Clerk I and Court Clerk II, Supreme Court, First Judicial District, for services performed in courts other than in the Supreme Court; and (2) directing the respondent to add seniority points to eligibles for the aforesaid promotional lists for services performed in the Supreme Court, the former Bronx County Court and the Court of General Sessions only; and (3) directing the respondent to strike all questions and give no weight to questions requiring knowledge of duties, procedures or practice in courts other than the Supreme Court when establishing the list for *609 Court Clerk I and Court Clerk II promotional unit on the examination held October 18, 1969.
It is contended that by allotting seniority points for service in courts other than the Supreme Court, the respondent acted unreasonably, arbitrarily, capriciously and unlawfully, in violation of paragraph 1 of section 35 of article VI of the New York State Constitution and section 223 of the Judiciary Law. It is further contended that including questions on the promotional examination for Clerk, Supreme Court, relating to courts other than the Supreme Court, was unfair, illegal and gave an improper advantage to candidates with experience in courts other than the Supreme Court.
With the creation of the Unified Court System in 1962, the Administrative Board of the Judicial Conference was vested with the authority and responsibility for the administration and supervision of the Unified Court System. (Judiciary Law, art. 7-A.) A centralized civil service system for all non-judicial personnel was mandated. The Supreme Court, County Courts, Surrogates’ Courts, Family Courts, and the newly created Civil and Criminal Courts, were administratively welded together into a Unified Court System. The Administrative Board which administers the civil service in the Unified Court System determined that seniority credit be given for service in any court within the unified system. It did not limit seniority credits to service performed in the Supreme Court. Petitioners have no vested right to compel the Administrative Board to assign seniority points on promotional examinations for service performed only in the Supreme Court. Such a practice would be destructive of a Unified Court System. This is not similar to the case of a claimed failure to properly classify a job Matter of Ainsberg v. McCoy, 26 N Y 2d 56), or an arbitrary termination of a civil service list (Matter of Goldstein v. Lang, 39 Misc 2d 962). In this instance the Administrator set up reasonable standards applicable equally to all eligible candidates in the Unified Court System. The Administrator, in assigning seniority credit based on service in any of the courts in the Unified Court System, acted properly and within the framework of the Unified Court System. A failure to assign seniority credit for service rendered in courts other than the Supreme Court, now part of the Unified Court System, would have been arbitrary and illegal. However, in making promotions to the title Court Clerk I and Court Clerk II from the eligible list established as a result of the examination, the qualified eligibl'es from the Supreme Court are appointed before successful candidates from other courts are appointed to that position.
*610 The examination announcement specifically sets forth the areas to he tested. It was entirely proper to include on the examination questions relating to duties performed in any of the courts in the Unified Court System since the resultant lists would be used to fill vacancies in the position of Court Clerk II in the Supreme Court, First, Second and Eleventh Judicial Districts, and the Civil, Criminal and Family Courts in New York City. It is quite possible that an examinee, regardless of the court in which he presently serves, could be appointed to any of the courts within the Unified Court System once the promotion unit list in that court is exhausted.
Petitioners have failed to set forth any facts entitling them to the relief sought; their petition is dismissed.