BLANCHE HURLEY, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, et al., Respondents.

(Argued January 23, 1936; decided March 3, 1936.)

*Harry A. Gordon* and *Eric C. Gordon* for appellant. The old list had become *tabula erasa;* section 871-b of the Education Law (Cons. Laws, ch. 16) providing for its revival and extension is unconstitutional. (*Matter of Ryan* v. *Kaplan,* 213 App. Div. 131; *Chittenden* v. *Wurster,* 152 N. Y. 345; *Hale* v. *Worstell,* 185 N. Y. 247; *People ex rel. McClelland* v. *Roberts,* 148 N. Y. 360; *People ex rel. Walter* v. *Kaplan,* 117 Misc. Rep. 257; *Brown* v. *Craig,* 209 App. Div. 11; *Schieffelin* v. *Kelliher,* 125 Misc. Rep. 305; 215 App. Div. 770; *Barlow* v. *Craig,* 210 App. Div. 716.) The revival of the old list does not comply with the constitutional requirement for appointments according to merit and fitness ascertained by competitive examination. (*Matter of Barthelness* v. *Cukor,* 231 N. Y. 435; *People ex rel. Sprague* v. *Maxwell,* 87 App. Div. 391.)

*Paul Windels*, Corporation Counsel (*Seymour B. Quel* and *Paxton Blair* of counsel), for Board of Education of the city of New York, respondent. A person whose name is on an eligible list has no right which cannot be altered or destroyed by the Legislature. (*People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570; *Taylor* v. *Beckham*, 178 U. S. 548; *Smith* v. *Mayor*, 37 N. Y. 518; *People ex rel. Devery* v. *Coler*, 173 N. Y. 103; *Stetson* v. *Board of Education*, 218 N. Y. 301; *People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32.)

*Austin B. Mandel* and *Henry Ross* for Rosemary Faase et al., respondents. The Legislature had full power to enact chapter 146 of the Laws of 1933, constituting section 871-b of the Education Law. (*People* v. *Bradley*, 207 N. Y. 592; *Matter of 34th St. Ry. Co.*, 102 N. Y. 343; *Hurlbert* v. *Clark*, 128 N. Y. 295; *Matter of Strang*, 117 App. Div. 796; *Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Campbell* v. *Holt*, 115 U. S. 620; *House* v. *Carr*, 185 N. Y. 453; *Mattson* v. *Dept. of Labor*, 293 U. S. 151; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Burch* v. *Newbury*, 10 N. Y. 374; *People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570; *Stetson* v. *Board of Education*, 218 N. Y. 301; *Seymour* v. *Judd*, 2 N. Y. 464; *Hyatt* v. *Taylor*, 42 N. Y. 258; *People ex rel. Bolton* v. *Albertson*, 55 N. Y. 50; *Tompkins* v. *Hunter*, 149 N. Y. 117; *Matter of Hering*, 196 N. Y. 218; *People ex rel. Battista* v. *Christian*, 131 Misc. Rep. 411; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *People* v. *American Socialist Society*, 202 App. Div. 640; *Matter of Adams* v. *Flanagan*, 201 App. Div. 735.) Chapter 146 of the Laws of 1933 is not discriminatory. It does not deprive plaintiff of any rights. (*Stetson* v. *Board of Education*, 218 N. Y. 301; *People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570.)

LEHMAN, J. On May 25, 1928, an eligible list for the position of attendance officers of the Board of Education was prepared after competitive examination. The statute at that time provided that the list should not remain in

force more than three years. In the interval other examinations for the same position might be held and eligible lists prepared whenever necessary, but " eligible lists shall not be merged and one eligible list shall be exhausted before nominations are made from a list of subsequent date." (Education Law, § 871; Cons. Laws, ch. 16.) In 1931, before the expiration of three years from the date when the eligible list was prepared, and while that list was still in force, the statute was amended (L. 1931, ch. 538) to provide that the list should remain in force for another year.

In October, 1931, a new examination for the same position was held and a new eligible list, based on that examination, was prepared and published on July 8, 1932. The old list, prepared in May, 1928, had become inoperative in May, 1932, and the list published on July 8, 1932, was the only list then in force. In April, 1933 (L. 1933, ch. 146), the Legislature added a new section to the Education Law as follows:

" § 871-b. Notwithstanding any provision contained in this chapter to the contrary, in a city having a population of one million or more, the term of eligibility of the eligible list of candidates for appointment as member of the board of examiners which was in force on the fifteenth day of May, nineteen hundred and thirty-two, and the term of eligibility of all open competitive, and promotion eligible lists prepared by the board of examiners of the board of education of said city, (a) which were in force on the fifteenth day of May, nineteen hundred thirty-two, or (b) which are in force on the date this act becomes effective, shall be extended for a period of four years after the expiration of the term of eligibility which was fixed or is fixed for such eligible lists. This section shall not apply to a principal's eligible list."

Prior thereto three appointments had been made from the list of July 8, 1932. Thereafter the Board of Education ruled that no further appointments may be made from that list until the eligible list of 1928 is exhausted.

The appellant challenges the construction which has been placed by the Board of Education upon the statute and also its constitutionality. The courts below have upheld the statute and the construction which has been placed upon it. We agree that if the Legislature had power to enact the new section of the Education Law, the construction placed upon the statute is clearly correct and that the list of 1928 must be exhausted before any new appointments can be made from the later list. We are constrained, however, to hold that the Legislature had no power to enact that statute.

The Constitution of the State (Art. V, § 6) provides: "Appointments and promotions in the civil service of the State, and of all the civil divisions thereof  *  *  *  shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive.  *  *  *  Laws shall be made to provide for the enforcement of this section." The discretion of the Legislature is limited to the field of the enforcement of that section of the Constitution. It may not enact a statute which violates its mandate. It is not disputed that it is practicable to ascertain merit and fitness for the position of attendance officer by competitive examination. The Legislature has so determined, and examinations have been held to ascertain such merit and fitness. The plaintiff successfully passed the test required. She did not thereby gain a vested right to appointment to the position, but so long as the eligible list remained in force, no appointments could be made except from that list. The Legislature might in the exercise of its discretion provide for a new competitive examination whenever for any reason in its opinion a new examination would prove a better test. It could not, however, provide for appointment except upon the basis of merit and fitness determined, so far as practicable, by competitive examination.

It is said that the statute does not disregard this limitation upon the legislative power, since it permits

appointments only from an eligible list previously prepared after a competitive examination. The argument is fallacious. Competitive examination, so far as practicable, is the *sole* test of merit and fitness permitted by the Constitution. Preference among those qualified for a position must be determined solely by relative standing upon the eligible list then in force. Favor must be excluded. It is not excluded when without a new examination the Legislature commands that appointments must be made from an eligible list then not in force before appointments can be made from a list which is in force. Then the Legislature destroys the preference which has been gained by competitive examination, and confers eligibility to office by favor.

A competitive examination may demonstrate merit and fitness, at the time of the examination. As time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list. The Legislature, or administrative boards or officers, to whom that function has been delegated under appropriate instructions, may determine how long an existing list shall remain in force and when a new examination shall be held. While the list, prepared in 1928, was still in force, the Legislature exercised that power, without challenge, by extending the life of the list for one year. When that period had passed and a new eligible list was prepared and published, the Legislature was without power to revive the old list. Those on the old list were then no longer eligible for appointment, and the Legislature is without power to confer eligibility. That must be ascertained solely by competitive examination.

The judgments should be reversed and judgment granted in favor of the appellant, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.