LOUIS CIACCIA, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

(Argued May 19, 1936; decided July 8, 1936.)

*Harry A. Gordon* and *Eric C. Gordon* for appellant.

*Paul Windels, Corporation Counsel (Seymour B. Quel* and *Paxton Blair* of counsel), for Board of Education of City of New York, respondent.

*Austin B. Mandel* for William C. Hanley, respondent.

*A. Spencer Feld* for May V. McSweeney, respondent.

*A. Mark Levien* for The New York Teachers Guild, *amicus curiæ.*

*Joshua S. Chintz* for The Teachers Union of the City of New York, *amicus curiæ.*

CRANE, Ch. J. In *Hurley* v. *Board of Education of City of New York* (270 N. Y. 275) we decided in March of this year that section 871-b of the Education Law (Cons. Laws, ch. 16), which extended the eligible lists in force May 15, 1932, for four years, was violative of section 6 of article V of the State Constitution and void. At the time of the enactment of the statute

the lists in effect May 15, 1932, had been superseded by new lists based upon new examinations and we said that the Legislature was without power to command that appointments be made from the old eligible lists which were no longer in force. We expressed these conclusions in the following language: "Preference among those qualified for a position must be determined solely by relative standing upon the eligible list then in force. Favor must be excluded. It is not excluded when without a new examination the Legislature commands that appointments must be made from an eligible list then not in force before appointments can be made from a list which is in force." (p. 280.) In that case, after examination and the preparation of the new list of those eligible for appointment or promotion, the Legislature attempted to extend the old list.

In the case now before us the old list had expired. Some months thereafter the Legislature extended the old list, a new list was then in the process of formation but was not completed until after the passage of the extending act. We are of the opinion that this difference in detail and dates does not take this case from under the principle enunciated in the *Hurley* case which was, that after a list had expired, had come to an end, ceased to exist, so that there were no persons capable of appointment, pursuant to the civil service provisions, the Legislature was without power to confer eligibility or give preference in appointment or promotion. The previous list, the result of competitive examination, being dead, could not be resurrected by legislative command.

We have not questioned the right of the Legislature to extend the lists before they expire for a limited and reasonable time. Most of these questions of legislative power center around the reasonableness or the degree and extent of its exercise. When the Constitution directs that appointments and promotions to office in the civil service of the State and in all the civil divisions thereof;

including the cities and villages, shall be made according to merit and fitness, to be ascertained as far as practicable by examinations which, so far as practicable, shall be competitive, the duty rests upon this court to confine legislative action within the spirit and purpose of this enactment. However worthy the motives may be, lists could be extended for so long a time as to effectually nullify the aim of the civil service provision. As was said in the *Hurley* case: "A competitive examination may demonstrate merit and fitness, at the time of the examination. As time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list." (p, 280.)

The quality of service demanded by the State must not be lost sight of in an endeavor to assist those who have passed an examination and are upon eligible lists.

The specific facts in this case are these: In February of 1932 a new competitive examination was held for Supervising Attendance Officers. The old list, or the only one in existence, was to expire on June 20, 1932. The examination was held for the purpose of making up a new list. Those who took the examination did so under this assurance and representation. In fact a new list was made up and promulgated on December 27, 1933, containing the names of ten men and one woman, of which the plaintiff is number two of the men. In the meantime the old list expired as the date came around, June 20, 1932, but the Legislature sought to revive it, and on April 8th of 1933 enacted the new section 871-b of the Education Law (Laws of 1933, ch. 146) which attempted to extend the old list for a period of four years.

Irrespective of the orderly procedure in ordering examinations and preparing lists, which is none of our concern, we are of the opinion, for the reasons stated, both here and in the *Hurley* case, that this act was ineffectual to accomplish the purpose sought, and that the list established on

December 27, 1933, as the result of competitive examinations, is the legal list from which to appoint the Supervising Attendance Officers.

Briefs have been submitted in behalf of teachers of the city of New York as *amici curiæ*. We do not see what interest they can possibly have in this litigation as, by section 9 of the Civil Service Law (Cons. Laws ch. 7), principals and teachers in a public school or academy or in a State normal school or college are placed in the unclassified service. This case and the *Hurley* case relate solely to the classified service.

The judgment of the Special Term should be reversed, and the prayer for a permanent injunction granted in accordance with the stipulation of the attorneys herein, without costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.