In the Matter of BETTY B. CAROW, Appellant, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

(Argued December 2, 1936; decided December 31, 1936.)

*A. Mark Levien* for appellant.

*Paul Windels,* Corporation Counsel (*Seymour B. Quel* and *Paxton Blair* of counsel), for respondent.

LEHMAN, J.   The petitioner's name was placed upon an eligible list for kindergarten teacher in February, 1929, after the petitioner had taken a competitive examination conducted by the Board of Examiners of the Board of Education.   At that time the Education Law (Cons. Laws, ch. 16), section 871, provided in part that "no eligible lists, except a principals' eligible list shall remain in force for a longer period than three years."   The statute was amended in 1931 so as to provide that all eligible lists in existence on April 1, 1931, except a principals' eligible list, shall remain in force for a period of four years.   In accordance with the terms of the amended statute the eligible list, upon which the petitioner's name was placed, expired then in February, 1933.   At that time the plaintiff had not yet received any appointment and her name was not upon any eligible list from which appointments could be made.

In April, 1933, the Legislature added section 871-b to the Education Law.   It provided in part that "in a city having a population of one million or more   *   *   *   the term of eligibility of all open competitive, and promotion eligible lists prepared by the board of examiners of the board of education of said city, (a) which were in force on the fifteenth day of May, nineteen hundred thirty-two,   *   *   *   shall be extended for a period of four years after the expiration of the term of eligibility which was fixed   *   *   *   for such eligible lists   *   *   *." (Laws of 1933, ch. 146.)   In February, 1935, the petitioner received

an appointment as a kindergarten teacher. If the Legislature had power in April, 1933, to extend, as it attempted to do, the life of the list promulgated in 1929, upon which the plaintiff's name was placed, then the appointment was concededly valid; if the statute transcended the powers of the Legislature, then the expired eligible list remained without force or vitality, and no right to appointment could be derived from it.

In *Hurley* v. *Board of Education* (270 N. Y. 275) (decided March, 1936) the court held that whenever an appointment in the civil service of the State may be made only after merit and fitness have been ascertained by competitive examination (State Const. art. V, § 6) the Legislature cannot, by attempted revival of an expired list, confer new eligibility after eligibility had expired with the list from which it was derived, and, therefore, section 871-b was unconstitutional when applied to lists which had expired at its date. The Board of Education felt itself constrained by that decision to revoke the petitioner's appointment because made from a list which had expired when chapter 146 of the Laws of 1933 was enacted.

The Constitution, article V, section 6, in part provides that " appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive." The Legislature may not disregard, evade or weaken the force of that mandate. It applies to every position in the civil service of the State, but within limits which we have attempted to define in other cases, the Legislature may determine whether it is practicable to ascertain merit and fitness for a particular position by competitive examination, or, indeed, by any examination. In the case of *Hurley* v. *Board of Education* (*supra*, p. 279) we said: " It is not disputed that it is practicable to ascertain merit and fitness for the position of attendance officer by com-

petitive examination. The Legislature has so determined, and examinations have been held to ascertain such merit and fitness." That was the foundation of our decision, that appointment to the position of attendance officer must be made solely according to merit and fitness ascertained in that manner. Nothing that we said or decided in that case has any application where the Legislature has not made similar determination. The position of an attendance officer of the Board of Education is in the classified civil service. The position of a teacher is in the " unclassified " service. (Civil Service Law [Cons. Laws, ch. 7], § 9.) In *Ciaccia* v. *Board of Education* (271 N. Y. 336, 341) this court again applied the rule of the *Hurley* case and held that the Legislature had no power to extend the life of an eligibility list after the list had expired, but it pointed out that both that " case and the *Hurley* case relate solely to the classified service." We thus left open for future determination whether the Legislature might extend such lists for appointments in the unclassified service. After the Board of Education had revoked the petitioner's appointment, the petitioner applied for a mandamus order to reinstate her in the position of kindergarten teacher. The court at Special Term denied the application, holding that chapter 146 of the Laws of 1933 is unconstitutional when applied to eligible lists for appointments to positions in the unclassified service as well as when applied to lists for appointments to positions in the classified civil service.

From that decision the petitioner has appealed directly to this court under subdivision 3 of section 588 of the Civil Practice Act, and upon this appeal we may consider only the validity of the statutory provision under the Constitution of the State. We must disregard every other question which the appellant has raised in the court below or has sought to raise upon this appeal. The considerations which constrained us to hold that the Legislature had no power to extend eligible lists for appointments in the classified civil service constrain us now to the same

conclusion in regard to eligible lists in the unclassified civil service, though we recognize that such conclusion precludes the Legislature from extending relief from unmerited hardship to many individuals.

The constitutional mandate is clear, and includes within its scope appointment to every position in the civil service of the State which is not excluded by some other provision of the Constitution. A duty was placed upon the Legislature to provide the machinery required to carry out the mandate. (*Chittenden* v. *Wurster*, 152 N. Y. 345.) Accordingly in section 9 of the Civil Service Law the Legislature has provided that: " The civil service of the state and of each of its civil divisions and cities shall be divided into the unclassified service and the classified service," and in other parts of the Civil Service Law it has made general rules and regulations in regard to appointments, tenure and removal in the *classified service* and set up machinery by which examinations, competitive or otherwise, may be held to ascertain merit and fitness for particular offices included in the classified service, so far as it is practicable to ascertain that by such examinations. It has not, in the Civil Service Law, made general rules or regulations in regard to positions in the unclassified service. The distinction between the classified and the unclassified civil service is purely statutory, but the division made by the Legislature is not arbitrary or unreasonable. The nature of the positions included in the unclassified service may furnish reason why the Legislature should not regulate appointment, tenure and removal there by general rules. None the less, even after the division of the civil service " into the unclassified service and the classified service," both divisions were still part of the "civil service" in which the Constitution commanded that appointments and promotions shall be made according to " merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive," and the Legislature remained under a duty to provide other legislation for competitive examination in

the unclassified service where such examination is practicable. The constitutional command remains in force, though the Legislature may choose the time and form for carrying out that command.

The unclassified service, as defined by the Legislature in section 9, " shall comprise "

1. " All elective offices."

2. " All offices filled by election or appointment by the Legislature on joint ballot."

3. " All persons appointed by name in any statute."

4. " All legislative officers and employees."

5. " All offices filled by appointment by the Governor [except officers and employees in the executive offices]."

6. " All persons appointed by the Secretary of State subject to the approval of the Governor."

7. " All election officers."

8. " The head or heads of any department of the government."

9. " All * * * superintendents, principals or teachers in a public school or academy or in a state normal school or college."

Even casual consideration of the offices comprised in the unclassified civil service leaves little doubt that the Legislature in most cases determined that it was not practicable to ascertain merit and fitness by examination, and intended that both in appointment and removal the appointing officers should be free to pass upon the merit and fitness of those appointed by them; and in most cases the legislative determination may hardly be challenged as unreasonable. In the case, however, of teachers in the public schools in large cities, it might well be argued that a determination by the Legislature that appointments and promotions according to merit and fitness ascertained by competitive examination is impracticable, would be arbitrary.

In this case we are dealing with appointments in public schools in the city of New York. Though such positions are in the unclassified service, the Legislature has provided

in the Education Law (§§ 871, 872) that appointments shall be made after competitive examination conducted by the Board of Examiners of the Board of Education. That is a legislative determination that it is practicable to ascertain merit and fitness by competitive examination, and such determination conforms to the command of the Constitution, no less than if made by placing the position in the classified service. Where a competitive examination is practicable the Legislature has no power itself to confer eligibility for appointment.

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed, etc.