In the Matter of the Application of IREM H. STRYKER, JR., Respondent, for an Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, March 12, 1937.

*Arthur Bainbridge Hoff* of counsel [*Paxton Blair* and *Jeremiah M. Evarts* with him on the brief· *Paul Windels, Corporation Counsel*], for the appellant.

*Theodore H. Kenworth*, for the respondent.

COHN, J. Petitioner, a war veteran, was appointed an assistant attendance officer by the board of education of the city of New York on February 26, 1935, from an eligible list promulgated as the result of an open competitive examination conducted for that position. He retained the place until March 31, 1936, when his services were discontinued and his name was placed upon a preferred eligible list. Upon the claim that under section 22 of the Civil Service Law the board of education had unlawfully removed him, he instituted this mandamus proceeding to compel his reinstatement.

The situation which compelled the discontinuance of petitioner's services arose as follows: Defendant had appointed sixteen persons as assistant attendance officers from an attendance officers' eligible list established prior to May 15, 1932. The sixteen appointees held their positions for some time. By chapter 146 of the Laws of 1933 (Education Law, § 871-b) the Legislature attempted to revive for a period of four years all eligible lists prepared by the board of examiners of the board of education which were in force on May 15, 1932. Among such lists was that for the position of attendance officer upon which were the names of these sixteen persons. Shortly before March 1, 1935, these sixteen received appointments as

attendance officers by virtue of the fact that they were on the eligible list which had thus been resurrected by the 1933 statute. To fill the places of these sixteen men following their promotion, defendant appointed petitioner and others from an assistant attendance officers' eligible list which had been promulgated following the first competitive examination conducted for that position. On March 3, 1936, the Court of Appeals in the case of *Hurley* v. *Board of Education* (270 N. Y. 275) held that the Legislature was without power to revive an eligible list for attendance officer which had already expired, that a statute which so provided was unconstitutional and that appointments made from such a list were invalid and illegal. (Cf. *Ciaccia* v. *Board of Education*, 271 N. Y. 336, and *Matter of Carow* v. *Board of Education*, 272 id. 341.) In obedience to the interpretation of the law enunciated by our highest court, the board of education promptly removed from their positions as attendance officers, to which they had been invalidly appointed, these sixteen men. However, since they had held regular positions as assistant attendance officers for the period immediately preceding their unlawful tenure as attendance officers, defendant returned them to their former positions. To accomplish this, defendant was obliged to supplant fourteen later appointees, of whom the petitioner was one. Parenthetically, it may be noted that two vacancies had occurred in the position of assistant attendance officer which made it necessary to oust only fourteen. Petitioner and the other thirteen men so suspended were thereupon placed upon the preferred eligible list for assistant attendance officer.

It seems to us that following the decision of our highest court in the *Hurley* case, the board of education acted fairly and equitably in treating the employees affected in the manner it did. All concerned were in the same bureau of the board of education, that is, the bureau of compulsory education, school census and child welfare. (Education Law, § 871-a.) In discontinuing the services of petitioner and thirteen others similarly situated so as to make room for the sixteen men who had been invalidly appointed attendance officers, defendant was merely rectifying the error committed when it had acted in good faith and pursuant to legislative enactment. The appointments as attendance officers, as it subsequently developed, were illegal and consequently of no effect. Nor was there at any time, as petitioner asserts, a demotion of the sixteen illegally appointed. As they never had at any time lawfully held the higher positions, there could be no demotion when they were

restored to the positions to which they had previously been regularly and permanently appointed in the very same bureau. Had it been known before March 1, 1935, that the revival of the attendance officers' eligible list was invalid, these sixteen persons would have retained their positions as assistant attendance officers and there would never have been any place for the petitioner. The situation is similar to one where a person is appointed from a civil service list to take the place of another illegally removed. Such removal creates a *de facto* vacancy and the reinstatement of the removed man would compel the ouster of the new appointee. So here, the illegal appointment of the sixteen assistant attendance officers to the higher grade of attendance officer in the same bureau of the board of education left sixteen *de facto* vacancies, and when the illegality of the promotions causing the vacancies became known and was rectified, the reinstatement of the sixteen to their old posts as assistant attendance officers, of necessity required the discontinuance of the services of the new appointees.

The object of the statute (Civil Service Law, § 22, subd. 1) is to protect a veteran from arbitrary removal by requiring notice and a hearing where it is sought to oust him from his position for personal reasons, political reasons, bias and the like, in order to give it to another, but every separation from service is not tantamount to a removal. It has been repeatedly held that when a position is abolished for reasons of economy, or for lack of work or appropriation, the veteran loses his right to be retained. (*Matter of Clancy* v. *Halleran*, 263 N. Y. 258; *Matter of Devins* v. *Sayer*, 233 id. 690; *People ex rel. DeVito* v. *Sayer*, Id. 615; *Blodgett* v. *Board of Supervisors, etc.*, 246 App. Div. 188.) So, too, where a veteran obtains a position occasioned by an illegal promotion of another to a higher grade of the same position, he loses his right to retain his position when the mistake is discovered and in good faith corrected. " A public official is not obligated to discharge other employees in order to open a position for a veteran." (*Matter of Clancy* v. *Halleran, supra,* at p. 262.)

As to petitioner's contention that relief workers are doing the same type of work as was done by petitioner before his suspension from service, and that he is, therefore, entitled to be restored to service pursuant to the provisions of section 31-b of the Civil Service Law (added by Laws of 1936, chap. 386), it appears that there were thirty-two assistant attendance officers in the department of education when petitioner received his appointment as assistant attendance officer on February 26, 1935, and that the same number are still so employed. There is no showing by petitioner that another

person not appointed in accordance with the provisions of the Civil Service Law is employed in the same or a similar position, or assigned to similar duties theretofore performed by petitioner. The obvious reason for the discontinuance of petitioner's employment was not a plan to make room for relief workers but the determination of the Court of Appeals in the *Hurley* case and the consequent restoration by defendant of the sixteen former assistant attendance officers to their old positions.

Upon principles of justice and fair dealing, and under the law, we think that the board of education was right in restoring to their former positions the assistant attendance officers who had been mistakenly appointed to the higher station of attendance officer following legislative authority and that, in the circumstances of this case, defendant violated no right of petitioner when it discontinued his services to provide for the return to his position of one who had been illegally promoted to a higher position in the same department.

For the foregoing reasons, a peremptory order of mandamus should not have been granted.

The order granting petitioner's motion for a peremptory mandamus should be reversed, with twenty dollars costs and disbursements, and the said motion denied.

The appeal from the order denying motion for reargument should be dismissed.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order granting motion for a peremptory mandamus unanimously reversed, with twenty dollars costs and disbursements, and said motion denied. Appeal from order denying motion for a reargument dismissed.