Louis B. Heller, J.
In this article 78 proceeding petitioner seeks an order directing (1) that the Superintendent of Schools withdraw his recommendation to the Board of Education that it appoint one Lorraine O’Brien as assistant director of community education in the Board of Education, (2) that the Board of Education disapprove the recommendation, and (3) that the Board of Education appoint petitioner to the position of assistant director of community education.
As the result of an open competitive examination conducted by the board of examiners of the Board of Education an eligible list of four names was promulgated to fill two vacancies in the position of assistant director of community education. The petitioner’s name headed the list, he having attained the highest score. On June 21, 1962 the Board of Education, accepting the recommendation of the Superintendent of Schools appointed one Mark Conn to fill one of the vacancies. Mark Conn was No. 2 on the eligible list with a .score of 76.90 as compared to the petitioner’s score of 82.51. In explanation of the recommendation the Superintendent of Schools stated as follows;
*128 “ The name of Abraham L. Sperber was passed over. In this connection Dr. Clare C. Baldwin, Associate Superintendent in Charge of Special Services states as follows:
‘ ‘ ‘ Mr. Conn has been chosen from among the first three names on the eligible list of Assistant Director of Community Education as the one best qualified by experience and training for this petition.
“ 1 Mr. Conn passed a competitive examination for the position of Supervisor in the Bureau of Community Education and has held this position since 1946. Since September 1960, the Bureau has undergone extensive reorganization and self-evaluation of all phases of its operations. Mr. Conn has been directly involved in this process as a participating member of the supervisory staff. Furthermore, the direct experience gained by Mr. Conn in having worked as a full-time field supervisor during recent years, and his intimate acquaintance with the personnel, programs, and operations of the Bureau, weigh in his favor in the final appraisal of the three eligible candidates. ’ ’ ’
On July 13, 1962 the Superintendent of Schools submitted to the Board of Education for its consideration at its July 18,1962 meeting his recommendation that Lorraine O’Brien be appointed to fill the second vacancy in the position of assistant director of community education. The said Lorraine O’Brien was No. 4 on the original list of eligibles. However, upon the appointment of Mark Conn she was moved into the No. 3 position. In explanation of the recommendation, the Superintendent of Schools stated as follows:
“ The names of Abraham L. Sperber and William E. Gaffney were passed over. In this connection, Dr. Clare C. Baldwin, Associate Superintendent in Charge of Special Services states as follows:
“ 1 Dr. O’Brien has been chosen from among the three names on the eligible list of Assistant Director of Community Education as the one best qualified by experience and training for this position.
“ ‘ Dr. O’Brien passed a competitive examination for Supervisor of Community Education and has held this position since 1957. She has held other supervisory posts in various areas of the programs of the Bureau. Since September 1960, the Bureau has undergone extensive reorganization and self-evaluation of all phases of its operations. Dr. O’Brien has been directly involved in this process as a participating member of the supervisory staff. Furthermore, the direct experience gained by Dr. 0 ’Brien in having worked as a full-time supervisor during recent years, and her intimate knowledge of the personnel, programs, *129 and operations of the Burean weigh in her favor in the final choice among the three eligibles.’ ”
The appointment of Lorraine O’Brien has been stayed by this court pending the hearing of this application. The appointment of Mark Conn is not being challenged by this proceeding.
Petitioner asserts that positions in the Board of Education up to the grade of assistant director must be filled by open competitive examination and not by promotion examination; that while the board of examiners conducted an open competitive examination for the position of assistant director of community education, the Superintendent of Schools has attempted in effect to convert the examination into a promotion examination by finding that the only two persons on the eligible list who are eligible for appointment to the position are the persons who have had several years of experience in the immediately lower grade position of supervisor in the bureau of community education.
In addition, petitioner contends that the power to evaluate the full qualifications of all eligibles who pass the examination for license and appointment as assistant director of community education resides solely in the board of examiners and that neither the Superintendent of Schools nor the Board of Education has the power or right to review the evaluation of the board of examiners and overrule the same.
The order on the list established by the board of examiners is not the all-controlling factor in the appointment of eligibles. Subdivision 10 of section 2573 of the Education Law provides that recommendations should be made by the Superintendent of Schools from the first three persons on the list. Fundamentally, the object of this statute is to secure the best qualified person for a job. It is recognized that the results of an objective test is not the sole indicia of the qualifications of a person. Thus, the one selected need not necessarily be the one graded highest (Matter of Redman v. New York City Tr. Auth., 14 A D 2d 911). It is implied that the selecting officer may consider factors other than those set as the minimum eligibility requirement for a position which in his opinion will result in the selection of the best qualified person. Thus, even though supervisory experience in the bureau of community education may not be essential for appointment as an assistant director of community education, it does not follow that such experience may not be considered in the selection when the examination is open competitive and if considered may not outweigh the esteem of a high mark in a written examination.
Plaintiff by scoring highest on the examination did not gain a vested right to appointment to the position (Hurley v. Board of *130 Educ., 270 N. Y. 275, 279). The only benefit that enured to him was that so long as the list remained in force, no appointments could be made except from the first three persons on the list. Since Lorraine O’Brien is one of the first three persons on the present list, it is not shown that the recommendation that she be appointed is in any way arbitrary or illegal. The petition is accordingly dismissed.