Guy A. Gbaves, J.
This proceeding is brought pursuant to section 297 (subd. 6) of the Human Rights Law (Executive Law, art. 15) to enjoin the respondents from appointing anyone other than the complainant, Eva Hawkins, either permanently or temporarily or provisionally, to the presently vacant position *844 of police sergeant in respondent Department of Police, pending a conclusion of all litigation on the State Division of Human Eights (hereinafter referred to as the “ Division ”) order.
The facts giving rise to the present proceeding are undisputed. It appears that the complainant, Eva Hawkins, who is a woman, filed a verified complaint with the Division on September 22, 1971 against the respondents herein and intervener Schenectady Patrolmen’s Benevolent Association (hereinafter referred to as the P.B.A.). The complaint alleged in substance that the complainant is employed as a policewoman in the Department of the Police of the City of Schenectady and that she had taken and passed numerous promotion examinations without securing promotion, and that men with equal or inferior qualifications have been promoted.
A hearing took place in Albany, New York, on October 2, November 14, and December 14, 1972 before Norman Mednick, a Hearing Examiner of the Division. It appears that on August 17, 1967, a civil service eligible list was established for appointment to position of police sergeant and that after an examination the complainant, Eva Hawkins, was ranked number 8 on said list. In August, 1971 when a vacancy existed for police sergeant due to a retirement at that time, Patrolman Hawkins was then ranked number 3 on a certified list of persons eligible for appointment to this position. In accordance with a collective bargaining agreement entered into by the respondent city and the P.B.A., three disinterested persons were appointed as an advisory committee to interview and examine the qualifications of the three ranking applicants. On August 3, 1971, Patrolman Hawkins together with two other ranking applicants appeared before ,such committee and the committee subsequently recommended to the City Manager the appointmént of the applicant who was ranked number 1 on the list. The said recommendation was followed by the City Manager and on or about August 3,1971 the appointment was given to the patrolman who ranked number 1 on the list. The eligible list on which Mrs. Hawkins’ name appeared expired on August 17, 1971 pursuant to the requirements of section 56 of the Civil Service Law of the State of New York which provides, in part, as follows: ‘ ‘ The duration of an eligible list shall be fixed at not less than one nor more than four years.”
On May 2, 1971, another civil service examination was held for the position of police sergeant. This examination was held in anticipation of the expiration date of the sergeants’ list in effect at that time. Patrolman Hawkins took the examination that was held on May 22, 1971 and when the results of that *845 examination were announced, her name did not appear as one of the successful candidates.
On March 30, 1973, the Division issued an order finding that the respondents had engaged in an unlawful discriminatory practice, and on April 3,1973 served it upon complainant, respondents and intervener P.B.A. The order, in part, directed the respondent city to offer the complainant the next available position of police sergeant.
On April 17, 1973, the Corporation Counsel of the City of Schenectady on behalf of respondents served and filed a motion of appeal to the State Human Rights Appeal Board from the said order of the Division. The appeal is still pending and has not been heard by said board.
Thereafter, on or about May 22,1973 the Corporation Counsel informed the Division of an existing vacancy in a position of police sergeant in respondent Department of Police and of a demand by intervenor P.B.A. that the vacancy be filled.
This proceeding was commenced by the Division on June 11, 1973 at which time it obtained an order to show cause from this court containing a provision which stays respondent, pending the termination of this application, from appointing to the aforesaid vacant position anyone other than complainant. On July 13, 1973, this court granted applications by the P.B.A. and Patrolman Rudolph R. Basha to intervene in this proceeding. Patrolman Basha stands as number 3 on the eligible list.
Section 297 (subd. 6) of the Human Rights Law empowers the Supreme Court, in any county where a respondent is doing or procuring to be done an act tending to render ineffectual an order issued by the Division, to issue an order on application and after a hearing, granting appropriate injunctive relief upon such terms and conditions as the court deems proper. Such an order is authorized by the statute if this court deems it necessary to prevent respondents from rendering the Division’s order ineffectual.
The City of Schenectady contends that pursuant to section 61 of the Civil Service Law, it cannot legally comply with the order of the Human Rights Division since the Civil Service Commission of the city cannot certify the name of Eva Hawkins to fill the position of police sergeant for the reason that her name does not presently appear on the eligibility list. Section 61 of the Civil Service Law provides, in part, as follows:Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as stand *846 ing highest on snch eligible list who are willing to accept snch appointment or promotion
The court does not pass upon the ultimate validity of the order of the Division either as to whether it is supported by substantial evidence or, on the contrary, is arbitrary or capricious. These are matters which are properly reviewable on appeal to the State Human Rights Appeal Board pursuant to section 297-a of the Human Rights Law. Furthermore, the determinations of the State Human Rights Appeal Board are reviewable by the appropriate Appellate Division.
The respondent city’s position is that its legal authority to appoint anyone to a competitive civil service position is prescribed by the Civil Service Law; and that the order of the Division in this case, in effect, directs the city to appoint a person whose name does not appear upon a certified eligible list and who has failed to pass the last promotional exam in reference to the appointment being sought while said order is being appealed.
It has been consistently held by the courts that once an eligible list has expired, the Legislature is without the power to confer eligibility by resurrecting the list. Such action was held unconstitutional where the State Legislature had sought to revive and resurrect an eligible list that had expired. (See Matter of Kornbluth v. Rice, 275 N. Y. 597; Ciaccia v. Board of Educ., 271 N. Y. 336, and Matter of Garow v. Board of Educ., 272 N. Y. 341.)
The Division’s order seeks to have the complainant appointed to an existing vacancy even though she no longer is on any eligible list, on the ground that it has been determined by a hearing conducted under the Human Rights Law that she was discriminated against at a time when she was eligible. The State Division of Human Rights, in effect, by its order has conferred upon a complainant a status or right of appointment to the exclusion of all others to be appointed to the next vacancy without regard to the Civil Service Law and article V (§6) of the New . York State Constitution.
The question is thus posed as to whether the Human Rights Law can prevail over what appears to be the Civil Service Law in the circumstances presented in this case.
Counsel for the respective parties admit this is a case of first impression: no case authority appears in point nor do the statutes provide a clear answer to the problem.
Seeking guidance in .similar or comparable situations, the court, notes with interest that it has been held that the civil service statutes and rules which permit the selection of one of *847 three persons upon the eligible list are valid, and leave ample discretionary power of selection to the appointing authority, but that a statute or rule which confines the appointment to a single person upon a list is invalid as interfering with the constitutional right of the appointing authority to select their own officers. (See People ex rel. Qua v. Gaffney, 142 App. Div. 122, affd. 201 N.Y. 535.)
The court also determines here that the respondent city and its officers are not technically “ doing or procuring to be done any act tending to render ineffectual any order of the commissioner ’ ’ by exercising its right of appeal and by following the mandates of the Civil Service Law of the State of New York and the New York State Constitution. Under the Civil Service Law, the city is obligated to appoint only those on a certified eligible list. The list that the complainant was on has expired by operation of law and not by virtue of any act of the City of Schenectady or any of the other respondents. Under the Civil Service Law, the list cannot be extended once it has properly expired. It must further be noted that other patrolmen who have taken the examination and have passed it and have become certified as eligible have the right to be considered for appointment to any existing vacancy. The Civil Service Law in this respect does not provide for any exception or provide anyone with a pre-emptive right to the exclusion of all others otherwise certified and eligible for appointment.
If the Civil Service Law is controlling as argued by the city, injunctive relief for the complainant would seem improper. The court is well aware that under this view of the Civil Service Law and its relationship to the Human Eights Law, if after all the appeals are consummated and the final outcome is a finding the complainant was discriminated against, and if she does not again pass a promotion exam, her one chance for consideration for appointment to a sergeancy may have disappeared. Such power in the appointing officer cannot be considered unrestricted, however. It is circumscribed by the equal protection clause of the New York State Constitution (art. I, § 11) and subject to the provisions of the Human Eights Law (Executive Law, art. 15, §§ 290-301) and can be viewed as further restricted in the area of the Public Employees’ Fair Employment Act. (See Board of Educ., Cent. School Dist. No. 1 of Town of Grand Is. v. Helsby, 37 A D 2d 493, affd. 32 N Y 2d 660. Also, see, Matter of Board of Educ. Cent. School Dist. No. 1 v. State Division of Human Rights, 42 A D 2d 473.)
*848 It is clear then that there are apparent conflicts between the Civil Service Law and this order of the Division. Whether the decision of the appellate courts or legislative action will clarify respective rights is not for this court to determine but simply to hope for devoutly.
Under circumstances such as presented by this case, then, should injunctive relief be granted ?
Penalties for discrimination are necessary, but the rights of all those in the competitive civil service class deserve equal consideration so that in the event a finding of discrimination is made as to one eligible, other eligibles are not automatically deprived of consideration or appointment. To permit such a situation to arise and persist would merely compound the very evil sought here to be remedied by the Human Rights Law.
Moreover, in this case, happily the position of police sergeant becomes vacant with fair regularity, and if the final determination is that complainant must be appointed, the prospects of a vacancy existing or arising shortly are good — unlike the situation where the promotion position is one of a kind, open only on incumbent’s death, retirement, etc.
Finally, it would appear to be inappropriate at this time to grant the very relief that the complainant may be entitled to if successful only upon a final conclusion of all the litigation. The respondent city’s right to an appeal under such circumstances would be rendered rather hollow if it were required to comply with an order which is being appealed. The rights of others certified as eligible for appointment must also be considered.
Weighing the conflicting rights and interests and considering the particular facts and- circumstances in this case, the court accordingly denies the application of the petitioner to enjoin the respondents from appointing anyone other than the complainant either permanently or temporarily or provisionally to the presently vacant position of police sergeant in respondent Department of Police pending conclusion of the litigation on the Division’s order.