OPINION OF THE COURT
Memorandum.
The order of the Appellate Division is modified in accordance with the following memorandum. In this article 78 proceeding petitioners sought an order directing respondents to certify them for appointment and also to direct their appointment to the position of captain in the New York City Transit Police Department. In the alternative an order enjoining the termination of the eligible list was sought. On the basis of their performance on a competitive examination, petitioners were placed on an eligible list promulgated on December 23, 1971. At the time of promulgation, petitioners were placed second, third and fourth, respectively, below one Mickulas on the list. As it ultimately turned out, Mickulas was the last person to receive a promotion from the list.
In September, 1973 the eligible list was adjusted pursuant to court order to reflect corrections for improperly graded answers (Russo v Bronstein, Supreme Ct, New York County, Kapelman, J.) but it was corrected only for the specific petitioners in that case. On October 26, 1974 Mickulas was promoted to captain. If at this time, the list had been corrected for all persons on it, Mickulas would have been placed *432 below the three petitioners, and one of them would have received the promotion. On May 23, 1975, the same examination, which had also been used for promulgation of an eligible list in the New York City Police Department, was again ordered corrected to allow alternate answers (Lydon v Bronstein, Supreme Ct, New York County, Greenfield, J.). Finally, in October, 1975 the commission adjusted the eligible list to reflect the corrected status of the petitioners but shortly thereafter petitioners were informed that their revised eligibility would not extend beyond the expiration of the list, which occurred in December, 1975.
The petitioners commenced this proceeding in November, 1975 seeking certification for appointment. After commencement of this litigation all the parties, including the Civil Service Commission, agreed to a proposed stipulation of settlement except the chairman of the Transit Authority who contended that the expiration of the eligible list would preclude relief. The proposed stipulation (common in the circumstances here presented) provided in part, that "[t]he right of the individuals specified above to be certified for appointment shall not be abridged by any act of the respondents and shall not expire or otherwise be terminated prior to the time each such person is certified and either declines appointment, is appointed, or is 'passed over’, or prior to the period provided therefore by Section 56 of the Civil Service Law, whichever shall later occur.” Since the Transit Authority refused to agree to the stipulation, the action proceeded with respondents contending that section 56 of the Civil Service Law prescribed the permissible duration of an eligible list, leaving them powerless to extend the list beyond December, 1975.
Special Term dismissed the petition holding that respondents had no authority to extend the list beyond its expiration date. The Appellate Division modified by ordering the relief specified in the stipulation but denying immediate appointment on the grounds that certification does not ensure promotion. The Appellate Division reasoned that petitioners had suffered an injury from the delayed recomputation of their scores and "it should not go unrectified by wielding an expiration date to defeat rights timely asserted but belatedly recognized” (58 AD2d 514, 515).
 This action was commenced during the active life of the eligible list (compare Matter of Cash v Bates, 301 NY 258, with Matter of Singer v Schechter, 17 AD2d 204) and the fact *433 that the list expired during the course of the litigation ought not and does not preclude relief. Although section 56 of the Civil Service Law provides that an eligible list shall last no longer than four years, that statute was not intended to exonerate known and continued wrongs of the offending testing agency by the mere passage of time. It is true that the statute calls for the termination of any lawful list after the specified time but where it is demonstrated that errors have rendered the list in derogation of the merit and fitness standards (NY Const, art V, § 6), and candidates have demonstrated that they were aggrieved by those errors, the statutory durational period does not begin to run until the list is corrected,* which occurred on October 7, 1975.
 It is undisputed that petitioners’ scores were improperly computed resulting in an inaccurate eligible list as to them and that they were aggrieved thereby. Thus they are entitled to the continuation of a special eligible list, consisting of the names of the three petitioners, for a period consistent with section 56 commencing at the time when the list was corrected. The list, as continued, will be subject to the applicable Civil Service Law provisions, such as section 61 which provides for the selection of one-out-of-three certified persons. Thus the list shall continue until such time as one of the petitioners is appointed pursuant to the Civil Service Law or until it expires by operation of section 56, whichever occurs first. To apply the statute in the strict and inflexible manner suggested by the dissent would in effect allow the respondents to circumvent the provisions of the Civil Service Law which require appointment in accord with specified standards. These standards were adopted pursuant to the constitutional direction that all appointments be made on the basis of merit and fitness. Although there does exist a strong policy that appointments be made from contemporary lists, this policy must be secondary to the constitutional mandate governing appointment which is implemented by the Civil Service Law standards.
In Ciaccia v Board of Educ. (271 NY 336) and Hurley v Board of Educ. (270 NY 275) this court was concerned with preserving the integrity of the entire civil service system when the Legislature had attempted to revive and to extend, *434 retroactively, an eligible list that had previously expired. Legislative circumvention of the legal expiration of the list, after it had already terminated, was viewed as an attempt to avoid the constitutional merit and fitness requirements and permit appointment by favor rather than appointment on the basis of qualification (Hurley v Board of Educ., supra, p 280). In the present case we are again asked to maintain the integrity of the civil service system but here the violation of merit and fitness stems not from legislative enactment affecting the entire system but from the wrongful acts of the respondents affecting a few individuals and it is suggested that the durational limitation can be used to shelter these violations. As in Ciaccia and Hurley the paramount concern is the integrity of the system. The merit and fitness requirements may not be circumvented by reviving and extending an eligible list, after its expiration, but likewise, neither may the timely assertion of violations of the merit and fitness requirements be cavalierly set aside. In this case, as in Ciaccia and Hurley, it is the constituional mandates that must prevail.
Our holding today is not inconsistent with either Ciaccia or Hurley. In those cases the legislative action was taken after the expiration of the lists and in derogation of the constitutional mandates. In neither case was any formal corrective action being sought to remedy errors which diluted merit and fitness determinations. In contrast the plaintiffs here promptly commenced this proceeding immediately upon the promulgation and certification of the "final” list and prior to the expiration of the list, seeking corrective measures necessary to sustain the constitutional standards. Indeed Ciaccia and Hurley support the principle that constitutional concerns are paramount, a principle which is sustained by our decision today.
The cross appeal of petitioners is dismissed since they were not aggrieved by the Appellate Division modification, nor were they favored by a dissent (CPLR 5601).

 It should be noted that in the context of this case we are here dealing only with the effect of section 56 of the Civil Service Law and not with Statute of Limitations questions.