OPINION OF THE COURT
Richard Lee Price, J.
In this article 78 proceeding petitioner seeks a judgment enjoining respondents from extending beyond September 3, 1981 the duration of the eligible list of sergeants for Examination No. 3513 for promotion to lieutenant in the New York City Police Department, restraining -respondents from making promotional appointments of sergeants of the police department to the rank of lieutenant after September 3, 1981, directing the respondents to remove all persons who may be appointed to the position of lieutenant of the police department after September 3, 1981 and compelling the respondents to prepare and offer, within a reasonable time, a new examination for promotion to the rank of lieutenant of the New York City Police Department and to establish therefrom a new list of sergeants eligible for promotion to the rank of lieutenant.
*857 Respondents last offered a promotional examination to the rank of lieutenant to New York City Police Department sergeants on November 17, 1973. A promotional list based upon the November, 1973 examination was established on April 25, 1975. Said promotional list was re-, established and promulgated on September 3, 1977, after the November, 1973 examination was rerated. On August 5, 1981, respondents announced the extension of the duration of the current promotional list until June 30, 1982, inasmuch as the promotional list established on September 3, 1977 was due to expire by virtue of the provisions of the Civil Service Law and the Constitution of the State of New York on September 3,1981. Petitioner contends that there were no restrictions against the filling of vacancies in the rank of lieutenant between September 3, 1977 and the present, nor any lawful grounds, discretionary or otherwise, for an extension of the duration of the promotional list due to expire on September 3, 1981 and that the extension of the duration of the promotional list by respondents was illegal, improper, arbitrary and an abuse of discretion.
Section 56 of the Civil Service Law provides that the duration of eligible lists shall be fixed at not less than one nor more than four years. As amended in 1976, said section also provides that “in the event that a restriction against the filling of vacancies exists in any jurisdiction, the state civil service department or municipal commission having jurisdiction shall, in the discretion of the department or commission, extend the duration of any eligible list for a period equal to the length of such restriction against the filling of vacancies.” “Restriction against the filling of vacancies” is defined as “any policy, whether by executive order or otherwise, which, because of a financial emergency, prevents or limits the filling of vacancies in a title for which a list has been promulgated.” (Civil Service Law, §56.)
Respondents maintain that due to the fiscal crisis existing in New York City since 1975, city agencies, including the police department, have been forced to reduce their work force. The department had to reduce quotas for all titles, including that of lieutenant; but despite the lower *858 quotas the police department has been unable to fill all vacancies for the rank of lieutenant for every fiscal year since 1977 due to budgetary constraints arising from the fiscal crisis. It is abundantly clear that “a state of financial emergency continues to exist within the city.” (New York State Financial Emergency Act, L 1975, ch 868, as amd by L 1978, ch 201.) Consequently, section 56 of the Civil Service Law allows extension of the eligible lists, where there has been restriction from filling vacancies in the rank of lieutenant. Respondents’ extension of the eligible lists for nine months to exhaust the list is not arbitrary or capricious nor an abuse of discretion. Petitioner’s reliance on section 56 of the Civil Service Law prior to the amendment is misplaced. Section 56 was amended in 1976 and the decision to extend the eligible list was not made until August, 1981, six years after the effective date of the amendment.
In view of respondents’ ordering of a new examination scheduled for June, 1982, petitioner’s application to compel respondents to give a new examination for promotion to lieutenant is moot. The June, 1982 date appears to be reasonable under the circumstances, in light of the numerous recent lawsuits challenging civil service examinations on the grounds that they are discriminatory and require particularly careful preparation that an examination is job related.
Moreover, there is no provision in the Civil Service Law requiring a municipal civil service commission to give a civil service examination other than where there are provisionals filling a particular position (Civil Service Law, § 65, subd 2). There are at present no provisionals serving in the rank of lieutenant in the police department. Petitioner’s contention that section 434a-13.0 of the Administrative Code of the City of New York authorizes the court to compel a promotional examination is without basis. There is no requirement as to when such promotions shall be made and such discretion, is clearly with respondents. (Hurley v Board of Educ., 270 NY 275.)
Furthermore, petitioner’s proceeding may not be treated as a class action absent adherence and compliance with the provisions of CPLR article 9.
*859 In accordance with the foregoing, the application by petitioner must be denied and the petition dismissed.