■ In the Matter of SHAWN F. BROSNAN et al., Appellants, v PETER D. QUINZI, as Mayor of the Village/Town of East Rochester, et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: Petitioners appeal from a judgment dismissing their CPLR article 78 petitions, which sought to vacate the appointment of respondent William Young as chief of police by respondent Village of East Rochester. After written examination an eligible list of 20 persons was prepared by respondent Monroe County Civil Service Commission. The six highest ranking candidates were examined orally and their names were certified to the village as candidates. Petitioners were ranked fourth and fifth on that list. Under Monroe County Civil Service Commission rules the certified list was valid for 60 days, after which a new certified list was needed in order for an appointment to be made. The first certified list was extended for 30 days, expiring November 30, 1984. Offers were made to the first and second ranked persons on the certified list, both of whom declined appointment. The record shows that the second declination was dated December 10, 1984, after the certified list had expired. The village then requested a new certified list and requested that a residency requirement be added to the selection criteria, as authorized by Civil Service Law § 23 (4-a) and as the examination announcement had noted might be done. The second certified list contained only the name of William Young, who

was ranked fifteenth on the eligible list but who was the only person on the eligible list who resided in East Rochester. Young thereafter was appointed.

Petitioners contend on appeal that the village was required to appoint from the first certified list, and that in any event, if a second certified list was proper, respondents were not authorized to change the certification criteria between the first list and the second. Petitioners' first argument has no merit since Civil Service Law § 61 provides for certification from eligible lists and rule XIV of the Monroe County Civil Service Commission explicitly provides for short duration of certifications from eligible lists, which themselves are valid for at least one year (Civil Service Law § 56). The first certified list apparently expired while the offer to the second candidate was pending and thereafter no appointments could be made from that certified list (see, e.g., Hurley v Board of Educ., 270 NY 275, 280; Matter of Frank v Tishelman, 72 AD2d 604). Petitioners' second argument has no merit because a residence requirement is explicitly authorized by Civil Service Law § 23 (4-a) and there is no policy reason why its use should be restricted in time. (Appeal from judgment of Supreme Court, Monroe County, Finnerty, J.—art 78.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.