Kaye, J.
(dissenting in part). No one disputes the legal authority of the Personnel Director, under the Civil Service Law, to administer examinations, establish eligible lists, and determine how long those lists should remain in force. What is at issue here, however, is an equitable remedy — a special eligible list established by judicial decree in order to redress *553 the erroneous grading of a civil service examination, where the Civil Service Law provides no remedy — and the judicial discretion necessary to effectuate that remedy. The Court now eviscerates that judicial remedy by holding that the duration of a special eligible list cannot be fixed by the court but, like the original list, must also be left for the discretion of the Personnel Director.
Petitioners here do not argue that special eligible lists must have the same duration as the original lists. Instead, they argue — correctly in my view — that the court should have the discretion to fashion the appropriate equitable remedy within the limits of the Civil Service Law, as the court did here in providing that the special list should have a life of four years "or as long as is necessary to reach for appointment all persons whose regraded examinations place them at a level equal to or higher than the last person appointed from the expired original list, whichever period is shorter.” A similar approach was taken in Matter of Mena v D'Ambrose (44 NY2d 428), where we allowed a special list to continue past expiration of the original list, because that remedy was necessary to redress the violation and maintain the integrity of the system, which must be the paramount concern. Our holding today would disallow the flexibility of Mena, as well as the discretionary remedy fashioned by the Trial Judge in this case.
The majority’s reliance on Hurley v Board of Educ. (270 NY 275), and particularly the concern expressed regarding the time-value of eligible lists, is entirely misplaced. In Hurley, the Legislature was attempting to extend an expired list, in clear derogation of constitutional mandate. Here, as in Mena, it is the agency itself that has violated the constitutional mandate, and the paramount concern must be to right the wrong. The majority now fears that appointments "could be made long after the qualifications tested or the needs of the position have changed and years after the statutory four-year maximum provided in the Civil Service Law has expired.” (Majority opn, at 552.) Yet we confronted — and explicitly rejected — that very argument in Mena (44 NY2d, at 433), opting instead for the court’s discretion to impose a remedy that redressed the violation.
I cannot agree that, in these circumstances, allowing the offending agency, rather than the court, discretion to determine the duration of a special list can in any sense promote the integrity of the civil service system. To the contrary, *554 where the merit and fitness requirements have been violated by the agency, allowing the court proper discretion to fashion the remedy both safeguards and advances the objectives of the civil service system.
I would affirm the Appellate Division order.
Judges Simons, Alexander, Titone and Bellacosa concur in Per Curiam opinion; Judge Kaye dissents in part and votes to affirm in a separate opinion in which Chief Judge Wachtler and Judge Hancock, Jr., concur.
Order modified, with costs to appellants, in accordance with the opinion herein and, as so modified, affirmed.