Chief Judge Kaye
(dissenting in part). Article V, § 6 of the New York Constitution requires that civil service appointments be made according to merit and fitness. Specifically, article V, § 6 states in pertinent part:
“[appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive.”
The Constitution says nothing else about how civil service appointments must be made. Thus, it was left to the Legislature to develop a system to ensure that appointments are made on the basis of merit and fitness rather than favoritism.
Under the scheme adopted by the Legislature, applicants who pass a civil service examination are placed on an eligible list, with a duration of between one and four years (see, Civil Service Law § 56). In certain circumstances, however, the Civil Service Department or municipal commission may extend the duration of the list (see, Civil Service Law § 56 [1], [2]). When a position becomes vacant, the Civil Service Commission certifies three applicants, based on their standing on the eligible list. The position must then be offered to one of those applicants (see, Civil Service Law § 61).
This scheme generally promotes the constitutional requirement of merit and fitness. Occasionally, however, this system of expiring eligible lists may have the contrary effect. This case is a good example.
Respondent Eddie Ricks in 1973 passed the civil service examination, and in 1983, was in line to be certified as a New York City sanitation worker. The City, however, wrongly determined that Ricks was not medically qualified. By the time his disqualification was reversed, the eligible list for his examination had expired, thereby depriving him of the opportunity to obtain the job for which he should have been certified years earlier. Further, although the lapse of time is hopefully unusual, Ricks’ case is by no means unique. Other qualified individuals also are wrongly denied civil service jobs, only to find that after their disqualifications are reversed, their eligible lists have expired, thus denying them the opportunity to gain civil service employment (see, Bill Jacket, L 1994, ch 206). Such a situation hardly comports with the notion of “merit and fitness.”
*778 The Legislature in 1994 adopted a limited measure to address the situation. Civil Service Law § 56 (3) mandates the creation of special eligible lists, not to exceed one year in duration, for candidates whose initial disqualifications are reversed by administrative or judicial action. Section 56 (3) states in pertinent part:
“An applicant or eligible whose disqualification has been reversed or whose rank order has been adjusted subsequent to the expiration of an eligible list shall be placed on a special eligible list for a length of time equal to the restored period of time not to exceed a maximum of one year.”
The purpose of this amendment was to provide a “fair and reasonable remedy’ for civil service applicants who had “won the battle to be found eligible to compete for a permanent civil service appointment, but * * * lost the war — because the eligible list [was] approaching expiration or ha[d] already expired” (Letter from Assembly Member Helene Weinstein to Governor Mario M. Cuomo, Bill Jacket, L 1994, ch 206).
Section 56 (3) does not violate the principle of merit and fitness, but rather furthers it. Section 56 (3) ensures that applicants who pass a competitive examination and meet the qualifications for the position, but are wrongly ruled unqualified, are given an opportunity to compete for civil service jobs. This promotes “merit and fitness” in individual cases, like Ricks’, by assuring every qualified applicant the opportunity to compete, and also enhances the integrity of the system as a whole, by assuring applicants that they will not be denied employment because of a correctable bureaucratic error. Thus, section 56 (3) is fully consistent with the Merit and Fitness Clause of our Constitution.
Nor does section 56 (3) — the presumptively constitutional enactment of a co-equal branch of government — conflict with our case law. To be sure, we have held that the Merit and Fitness Clause prohibits the Legislature from reviving an entire expired eligible list after a new list has taken effect, because to do so would raise the spectre of favoritism (see, Hurley v Board of Educ., 270 NY 275, 280; see also, Ciaccia v Board of Educ., 271 NY 336, 339). This Court has held, however, that special eligible lists may be created as a limited remedy for specific erroneous disqualifications. In Matter of Mena v D’Ambrose (44 NY2d 428), for example, we held that petitioners, whose answers to a civil service examination had been improperly *779 graded, were entitled to be placed on a special eligible list even though their list had expired. Although there exists “a strong policy that appointments be made from contemporary lists,” we recognized that “this policy must be secondary to the constitutional mandate” that qualified applicants deserve the right to compete for civil service jobs (id., at 433).
Matter of Deas v Levitt (73 NY2d 525, cert denied 493 US 933), similarly, does not support the conclusion the Court reaches today. In Deas, we held it impermissible for courts to create special eligible lists as an equitable remedy for improper disqualifications unless applicants have (1) brought timely proceedings for administrative or judicial review and (2) attacked the validity of the eligible list itself (id., at 531). Deas, however, involved a judicially-created special list; it did not involve a statutory scheme including special eligible lists as part of the Legislature’s constitutional responsibility to implement the Merit and Fitness Clause.
This distinction is important. In Deas, this Court was undoubtedly concerned that the proliferation of judicially-created special lists, potentially unlimited in duration, could lead to derogation of the merit and fitness requirement. If courts could separately create special lists for every applicant found wrongly disqualified, the result might be a multiplicity of lists, which could have the effect of creating disarray in civil service appointments and of denying employment to meritorious candidates. Thus, in Deas, we circumscribed the authority of courts, on their own, to create special eligible lists.
Here, by contrast, the Legislature has created special lists as part of a single statutory scheme to enforce the Merit and Fitness Clause. Section 56 (3), which permits the creation of special lists in limited circumstances, for short periods of time, in order to remedy clear inequities, does indeed promote the overarching principle of merit and fitness. Further, because the special lists at issue here have been legislatively created, they are part of the structured, over-all scheme and do not risk creating disarray in civil service appointments. Thus, section 56 (3), unanimously passed by both houses, is an appropriate exercise of the Legislature’s authority to enforce the Merit and Fitness Clause.
Furthermore, section 56 (3) does not violate the principle of Deas and Hurley because it does not revive expired lists. Rather, because section 56 (3) is part of the statutory scheme, it prospectively mandates that lists will be extended for ap *780 plicants who have been wrongly disqualified (see, Mem of Atty Gen, Bill Jacket, L 1994, ch 206 [section 56 (3) does not “retroactively revive an expired eligible list, but instead creates a mechanism which prospectively extends existing or future lists”]). As we have held, the Legislature has the authority to extend the duration of an eligible list, before it expires, “for a limited and reasonable time” (Ciaccia v Board of Educ., supra, 271 NY, at 339). Section 56 (3) is a proper exercise of that authority.
Finally, the Appellate Division correctly held that section 56 (3) applies retroactively to the case at hand. As a rule, if a statute creates a new substantive right, it is applied prospectively only, unless the Legislature clearly intended to give it retroactive effect. However, if — as here — a statute is remedial in purpose, it is generally given retroactive effect (see, Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584; Matter of OnBank & Trust Co., 90 NY2d 725, 730; Matter of Duell v Condon, 84 NY2d 773, 784). Section 56 (3) was intended to create a remedy for erroneous disqualifications by permitting the creation of special eligible lists.
Ideally, this litigation should have been concluded years ago. Ricks, however, should not be penalized for the delay, because none of it is attributable to him. He filed a timely administrative appeal following his disqualification, and has prevailed at every stage, up until now. The lengthy delay can be imputed, in its entirety, to the agency and to the City. Indeed, one of the purposes of section 56 (3) was to remove the City’s incentive to “drag out appeals * * * hoping the list will expire prior to final adjudication” (Letter from AFSCME Executive Director Stanley Hill to Governor Mario M. Cuomo, Bill Jacket, L 1994, ch 206).
In sum, I would affirm the Appellate Division order mandating Ricks’ placement on a special eligible list.
Judges Smith, Levine, Wesley and Rosenblatt concur with Judge Bellacosa; Chief Judge Kaye dissents in part and votes to affirm in a separate opinion; Judge Ciparick taking no part.
Judgment modified, etc.